THE LANCASHIRE INSURANCE COMPANY

*v.*

JOHN CORBETTS, for use, etc.

*Filed at Ottawa January 19, 1897—Rehearing denied March 27, 1897.*

1. JURISDICTION—*situs of debt is at creditor's domicil.* The *situs* of a debt for purposes of jurisdiction, so far as so intangible a thing as a debt can be said to have a *situs*, is generally held to be at the domicil of the owner of the credit.

2. SAME—*jurisdiction in garnishment does not depend upon situs of debt.* The jurisdiction of the Illinois courts, in garnishment, over residents of this State owing debts to parties residing in other States, depends, not upon the *situs* of the debt, but upon the fact that the garnishee is subject to process of the courts of Illinois.

3. SAME—*rule that jurisdiction in garnishment does not depend on situs is limited to debts.* The rule that jurisdiction in garnishment does not depend on *situs* applies only to debts, and has no application to attachment or garnishment proceedings to reach tangible property having an actual *situs* in another State.

4. SAME—*foreign insurance company may be garnished for debt due resident of another State.* A foreign insurance company having property and agents in Illinois, and transacting business here, may be garnished in the courts of this State to reach a debt due a resident of another State.

5. SAME—*rule that court first acquiring jurisdiction will retain it does not apply to courts in different States.* The rule that where courts have concurrent jurisdiction the one first acquiring jurisdiction of a suit will retain it until the matters are finally disposed of, does not apply to courts in different States.

6. CONFLICT OF LAWS—*when courts of different States have concurrent jurisdiction.* Where a corporation is subject to the service of garnishment process in different States the courts of each have concurrent jurisdiction, and neither the fact that the creditor resides in one State, nor the fact that another State has issued process, will operate to confer exclusive jurisdiction on the courts of either.

7. SAME—*judgment against garnishee in one State bars garnishment suit in another.* Where a debtor is garnished for the same debt by different parties in courts of concurrent jurisdiction in different States, the recovery and payment of judgment in one State, after full disclosure of the pendency of the other suit and without collusion by the garnishee, bar a recovery against him in the other State, regardless of priority of the suits.

*Lancashire Ins. Co. v. Corbett,* 62 Ill. App. 236, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

MYRON H. BEACH, for appellant:

Under no circumstances shall a garnishee, by the operation of the proceedings against him, be placed in any worse condition than he would be in if the defendant's claim against him were enforced by the defendant himself.. Drake on Attachment, sec. 462.

A debt is intangible, and therefore its *situs* must be at either the residence of the debtor or creditor.   *Renier* v. *Hurlbut,* 81 Wis. 24; *Railroad Co.* v. *Pennsylvania,* 15 Wall. 300; *Railroad Co.* v. *Sharritt,* 43 Kan. 375; *Bowen* v. *Pope,* 125 Ill. 28; *Haggerty* v. *Ward,* 25 Tex. 144; *Williams* v. *Ingersoll,* 89 N. Y. 508; *Plimpton* v. *Bigelow,* 93 id. 596; *Douglas* v. *Insurance Co.* 63 Hun, 393.

When, by a court having jurisdiction of the action and of the person of a garnishee, judgment is rendered against him, and he has satisfied it in due course of law, such judgment is conclusive against parties or privies of all matters of right and title decided by the court, and constitutes a complete defense to any subsequent action by the defendant against the garnishee for the amount which the latter was compelled to pay,—and this though the court be a foreign tribunal.   Drake on Attachment, sec. 706; *Minard* v. *Lawler,* 26 Ill. 301; *Zepp* v. *Hager,* 70 id. 223; *Craft* v. *Clark,* 31 Iowa, 77; *D'Arcy* v. *Ketcham,* 11 How. 155; *McElmoyle* v. *Cohn,* 13 Pet. 312.

FLOWER, SMITH & MUSGRAVE, for appellee:

A non-resident can be garnished for a debt due to a non-resident under a contract made in another State. *Railroad Co.* v. *Barron,* 83 Ill. 65; *Railroad Co.* v. *Crane,* 102 id. 249; *Railroad Co.* v. *Dougan,* 142 id. 248; *Roach* v. *Insurance Co.* 2 Ill. App. 360; *Glover* v. *Wells,* 40 id. 350; *Hender-*

165—38

*son* v. *Schass*, 35 id. 155; *Insurance Co.* v. *Hettler*, 46 id. 416; Shinn on Attachment, sec. 493, and cases cited; Waples on Attachment, (2d ed.) 322; *Harvey* v. *Railroad Co.* 50 Minn. 405; *Manufacturing Co.* v. *Lang,* (Mo.) 27 L. R. A. 651; *Connor* v. *Insurance Co.* 28 Fed. Rep. 549.

Wherever the creditor might maintain his suit to recover the debt there it may be attached as his property, provided the laws of such place authorize it.    *Manufacturing Co.* v. *Lang,* 27 L. R. A. 651.

*Renier* v. *Hurlbut*, 81 Wis. 24, relied upon by counsel for appellant in his brief, was decided with reference to a local statute, and is opposed to the law of this State. The pendency of an attachment suit in one State may be successfully pleaded in abatement in any attachment suit subsequently brought in another State, and the rights of the garnishee fully protected.    *Roach* v. *Insurance Co.* 2 Ill. App. 360; Drake on Attachment, (7th ed.) 700.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant insurance company had its domicil of origin in Great Britain, but by compliance with the laws of each of the States of Illinois and Wisconsin relating to foreign corporations it transacted business and kept agents and property in both States.    In a proceeding by foreign attachment in the circuit court of Cook county against one Corbetts, who lived in Wisconsin, appellees Wilson Bros. & Co., on October 6, 1892, garnished appellant, by process that day served on its agent in Chicago; for a claim of Corbetts against it upon an insurance policy on a stock of goods in Wisconsin, which goods had on October 3 been partially destroyed by fire.    Afterward, but in the same month, garnishment proceedings were instituted in Wisconsin by one Dowling, a creditor of Corbetts; and appellant, by service upon its agent in Wisconsin, was garnished for the same debt owing to Corbetts.    Under the facts as they appear, we must hold that the effect of what was done in Wisconsin was that

appellant set up in the proceedings there the prior gar-
nishment in Illinois, alleging that the jurisdiction here
was prior and exclusive, but it was adjudged by the Wis-
consin court, (a court of competent jurisdiction,) follow-
ing decisions of the Supreme Court of that State, that the
circuit court of Cook county, Illinois, was without juris-
diction in the premises, and that its proceedings were no
defense to the suit in Wisconsin.  Judgment was then
rendered against the garnishee, which it paid under the
.compulsion of the judgment and of the laws of Wiscon-
sin, which provided that no insurance company against
which any judgment existed and remained unpaid sixty
days after its rendition should issue any new policy in
that State, and prescribed heavy penalties against officers
and agents who should violate the statute.

After the first answer in this cause, filed by the gar-
nishee in the Cook county circuit court October 6, 1872,
denying all indebtedness to Corbetts, appellees took no
further action for nearly two years, nor until the judg-
ment in Wisconsin had been paid, when they filed addi-
tional interrogatories.  By an amended answer to these
interrogatories appellant set up the Wisconsin proceed-
ings, statute, judgment, and the payment of the judgment;
also, that at the time of the service of the writ in the
case at bar no proofs of loss had been made by Corbetts,
and therefore the alleged debt was contingent and un-
certain, as it was not by the policy payable until sixty
days after the receipt of proofs of loss, and that it was
not therefore subject to garnishment.  Upon a trial by
the court upon agreed facts the defense was overruled,
and judgment rendered against appellant for the amount
shown by its answer to have become due and payable to
Corbetts under the policy and by virtue of the fire loss.
The Appellate Court having affirmed the judgment, ap-
pellant now brings the record to this court, insisting
that the law has not been properly adjudged to it in the
courts below; that, having fully discharged its duty

under the laws of both States, it should not be compelled to pay the debt twice.

The arguments of counsel have been chiefly addressed to the second question, viz., whether, at the time of the service of the writ upon the garnishee, the alleged debt to Corbetts was anything more than a contingent liability, dependent upon the compliance by Corbetts with the provision of the policy requiring proofs of loss to be furnished by him to appellant within a certain time. But from the view we take of the case it will not be necessary to consider this question. We are free to say, at the outset, that we cannot look with favor upon any construction of the law which would impose a double liability upon a garnishee who, without collusion, fraud or negligence, has undertaken to fully discharge its duties under apparently conflicting laws of different jurisdictions. It is, of course, true, that every State must enforce its own laws within its own borders for the protection of its own citizens; but either the law, or the construction of it by the courts, in one or the other of the States is contrary to natural justice, which requires of a garnishee standing indifferent between creditors contending in different States for the same debt, the payment of that debt more than once.

It seems to be the doctrine in Wisconsin, as laid down by the Supreme Court of that State in *Renier* v. *Hurlbut*, 81 Wis. 24, that in garnishment proceedings the jurisdiction of the court is dependent upon the *situs* of the debt sought to be appropriated to the payment of the plaintiff's demand, and that if the *situs* of the debt is without the jurisdiction, the court has no power to proceed or to render any judgment against the garnishee. Now, it is the generally accepted doctrine that, so far as so intangible a thing as a debt can be said to have a *situs*, it follows the creditor or owner of the credit, and is at his domicil. (*Holbrook* v. *Ford*, 153 Ill. 633; *Pomeroy* v. *Rand, McNally & Co.* 157 id. 176; *Wyeth Hardware and Manf. Co.* v.

*Lang*, 127 Mo. 242; Story on Conflict of Laws, sec. 362; *Consolidated Tank Line Co.* v. *Collier*, 148 Ill. 259.) And the notion that the *situs* of the debt determines the jurisdiction of the court in garnishment has led to the creation of the fiction that for the purposes of garnishment the *situs* of the debt is changed and becomes the place where the garnishee lives, and not the domicil of his creditor. As before said, the proceedings must be had in the jurisdiction of the garnishee, where service can be had upon him, but it does not at all follow that it is because that is the *situs* of the debt. Thus, it is said by Shinn in his late work on Attachment and Garnishment (p. 863): "Foreign corporations are subject to the process of garnishment in all cases in which an original action may be commenced against them in the courts of this State to recover the debt in respect to which the garnishment process is served. This is in harmony with the rule before stated, that the demand must be one on which an action at law could be brought by the principal debtor."

Take the case at bar: Actual service of process in the different suits could be and was had on the appellant company in both States,—Illinois and Wisconsin,—and it was subject to garnishment in both States, and it would have been subject to similar proceedings in any other States in which, in compliance with their laws, it had established itself for business purposes. Evidently, however, this would not be so for the reason that the debt had a *situs* in each and all of such States at one and the same time, when it also had a *situs* at the domicil of the creditor of the garnishee, but the true reason is that the garnishee insurance company was liable to suit by its creditor for the collection of the debt in each and all of the States where it had so established itself for business purposes. To hold that the *situs* of the debt determines the question of jurisdiction is practically to hold that a debt cannot be garnished at all in foreign attachments, for the very ground of a foreign attachment is

the non-residence of the principal defendant, who, in cases of garnishment, is the creditor of the garnishee, and if the debt which the garnishee owes to his creditor can be reached only by proceedings had where such creditor resides,—that is, where the debt has its *situs*,—it can not be reached in foreign attachment at all. This is clearly pointed out in an exhaustive opinion by Pitney, V. C., in *National Fire Ins. Co.* v. *Chambers*, 53 N. J. Eq. 468, where he shows the utter fallacy of the reasoning used to support decisions that jurisdiction in such cases depends on the *situs* of the debt attached or garnished. A further reason readily presents itself in the fact that no proceeding in garnishment of any kind can be maintained where the principal defendant has his domicil,—that is, at the *situs* of the debt,—unless the debtor to be served with garnishee process is within the jurisdiction of the court. The principal defendant in attachment proceedings may, except for the purposes of obtaining a personal judgment, be brought into court by constructive service, but jurisdiction of the garnishee can be obtained only by actual service of process. 2 Shinn on Att. and Gar. 1000.

Thus it is seen that in garnishment proceedings the place of residence of the garnishee is of far more importance than the place of residence of his creditor in obtaining jurisdiction to render a judgment against a garnishee. (Ibid. sec. 490.) And it has been expressly decided by this court that a foreign corporation having property and agents in this State and transacting business here may be garnished in our courts for a debt due a resident of the State of its domicil of origin. (*Hannibal and St. Joseph Railroad Co.* v. *Crane*, 102 Ill. 249. See, also, *Wabash Railroad Co.* v. *Dougan*, 142 Ill. 248.) And the reason given is, that the foreign corporation had become subject to the process of our courts. And while the courts of Wisconsin and some other States seem to hold to the doctrine that where there is no personal service of process on the principal defendant the proceeding must be instituted

in the jurisdiction where the debt has its *situs*,—that is, the domicil of the principal defendant,—or else at the domicil of origin of the garnishee corporation, we are satisfied that the great weight of modern authority is otherwise and is in harmony with the rule adopted in this State. *Harvey* v. *Railway Co.* 50 Minn. 405; *Mobile and Ohio Railroad Co.* v. *Barnhill*, 91 Tenn. 395; *Handy* v. *Insurance Co.* 37 Ohio St. 366; *Wyeth Hardware and Manf. Co.* v. *Lang*, 127 Mo. 242; *Nichols* v. *Hooper*, 61 Vt. 295; *Cross* v. *Brown*, (R. I.) 33 Atl. Rep. 147; *Mooney* v. *Buford & George Manf. Co.* 72 Fed. Rep. 32.

This rule is limited, of course, to the garnishment of debts, and has no application to attachment or garnishment proceedings to reach tangible property having an actual *situs* in another State, for in such a case the property sought to be reached is without the jurisdiction of the court. 2 Shinn on Att. and Gar. 858; *Bowen* v. *Pope*, 125 Ill. 28; Waples on Att. and Gar. 227, 249.

It is said by all the authorities that the garnisher is, in his relation to the garnishee, merely substituted to the rights of his own debtor, and can recover only where the principal defendant could recover; (*Samuel* v. *Agnew*, 80 Ill. 553; *Richardson* v. *Lester*, 83 id. 55; 2 Shinn on Att. and Gar. 853;) and as the principal debtor could have recovered the debt garnished in the case at bar by suit in Illinois, no good reason appears why attachment and garnishment would not lie in favor of appellees here.

It is obvious, then, that the grounds upon which the Wisconsin court based its judgment are untenable. But the question still remains whether the Wisconsin court did not have jurisdiction to garnish the same debt in Wisconsin under its laws and to render the judgment it did render, and whether the payment of that judgment was not sufficient, when set up in the answer, to bar the further prosecution in Illinois of the suit at bar.

It is well settled that in ordinary actions a suit pending in one State cannot be pleaded in abatement or in bar

of another suit in a different State, but that both may proceed until judgment is rendered in one of such suits, when it may be set up in bar of the further maintenance of the other, and that it makes no difference which was first commenced. (*McJilton* v. *Love*, 13 Ill. 486; *Allen* v. *Watt*, 69 id. 655; *Dunham* v. *Dunham*, 162 id. 589; *Jones* v: *Jones*, 108 N. Y. 415.) But the suit in Wisconsin and the suit in Illinois were not between the same parties, the plaintiffs in garnishment in the two cases being different persons, and while both were proceeding to appropriate and recover the same debt to satisfy their respective demands against the same creditor of the garnishee, it has been held (whether correctly or not we are not called upon to decide) that the judgment in one such case without payment cannot be set up in bar of the other. (2 Black on Judgments, pars. 597, 801.) And it has also been held that by the service of the garnishee summons (or trustee process, as it is called in some of the States,) the garnisher acquires a contingent or inchoate lien upon the debt, or, as it is sometimes said, there has been an involuntary assignment of the same to him, dependent, of course, for its perfection upon the subsequent obtaining of judgment. (*National Fire Ins. Co.* v. *Chambers*, *supra;* 8 Am. & Eng. Ency. of Law, 1101, note; Shinn on Attachment and Garnishment, *supra.*) And that where, after a garnishee or trustee has been so charged by service of the process, he goes into another State and is there garnished by another person for the same debt, the first proceeding may be pleaded in abatement to the second. *Embree* v. *Hanna*, 5 Johns. 100; *Wallace* v. *McConnell*, 13 Pet. 136; *Whipple* v. *Robbins*, 97 Mass. 107; *American Bank* v. *Robbins*, 99 Mass. 313.

Thus, in *Embree* v. *Hanna*, *supra*, Chief Justice KENT among other things said: "If the attachment had been conducted to a conclusion and the money recovered of the present defendant, I think it could not have been made a question whether that payment would not·be a bar to

the present suit. Nothing can be more clearly just than that a person who has been compelled by a competent jurisdiction to pay a debt once should not be compelled to pay it over again. It has accordingly been a settled and acknowledged principle in the English courts, that where a debt has been recovered of a debtor, under this process of foreign attachment, in an English colony or in these United States, the recovery is a protection in England to the garnishee against his original creditor, and he may plead it in bar. (Citing cases.) * * * If, then, the defendant would have been protected under a recovery had by virtue of the attachment, and could have pleaded such recovery in bar, the same principle will support a plea in abatement of an attachment pending, and commenced prior to the present suit. The attachment of the debt in the hands of the defendant fixed it there in favor of the attaching creditors. The defendant could not afterwards lawfully pay it over to the plaintiff. The attaching creditors acquired a lien upon the debt binding upon the defendant, and which the courts of all other governments, if they recognize such proceedings at all, cannot fail to regard. *Qui prior est tempore, potior est jure.* If we were to disallow a plea in abatement of the pending attachment the defendant would be left without protection and be obliged to pay the money twice, for we may reasonably presume that if the priority of the attachment in Maryland be ascertained, that State would not suffer that proceeding to be defeated by the subsequent act of the defendant going abroad and subjecting himself to a suit and recovery here."

Substantially the same doctrine was in a similar case announced by the Supreme Court of the United States in *Wallace* v. *McConnell, supra.* So, also, to a certain extent, in *Whipple* v. *Robbins* and *American Bank* v. *Robbins, supra,* (Massachusetts cases,) where in the latter case it was said: "A trustee process is in the nature of a proceeding *in rem.* It is a sequestration of the debt due from the

trustee, in order that it may be devoted to the payment of one to whom the trustee's creditor is, himself, indebted;" and it was there said that the doctrine constitutes an important exception to the ordinary rule that *lis pendens* in a foreign court is not a good plea.

In *Whipple* v. *Robbins, supra,* where it was held that the payment of the judgment rendered in Connecticut in a trustee proceeding begun after the suit was commenced in Massachusetts was not a sufficient defense to the latter suit, where such judgment was obtained by default, the court said: "But the trustee did not make any disclosure of the pendency of the present suit. He withheld from the court in Connecticut this fact essential to a fair adjudication. He allowed himself to be defaulted, and his payment under such circumstances must be regarded as voluntary, if not collusive, and therefore no protection against the present action. (*Wilkinson* v. *Hall,* 6 Gray, 568.) What effect we should have given to the payment under the Connecticut judgment if the trustee had been compelled to pay there, notwithstanding a full disclosure of the facts, because the courts of that State had disregarded the pendency of this action and refused to adopt the principles which we regard as settled by *Wallace* v. *McConnell,* is a question we need not prematurely consider." In the case cited (*Wilkinson* v. *Hall*) the judgment, which had been paid and which was pleaded in bar, was rendered in a trustee proceeding begun after the *Wilkinson case* was commenced, and it was held not to be a good bar, because the trustee withheld facts essential to the determination of the cause, and the court said: "It is obviously just that if he has been compelled to pay the debt once by the judgment of a court of competent jurisdiction he should not be compelled to pay it again. If, therefore, the debt was recovered of the defendant under a process of foreign attachment, fairly and without collusion on his part, he may effectually plead it in bar here."

In *Garity* v. *Gigie*, 130 Mass. 184, where both suits were begun on the same day, but the trustee, after having been served in the morning in the State of New Hampshire, went to Boston and was there served with process in the afternoon, and judgment was first rendered in the New Hampshire case and was paid, Mr. Chief Justice GRAY, in delivering the opinion of the Supreme Judicial Court of Massachusetts, said : "That court (the New Hampshire court) having first acquired jurisdiction of the fund attached, and having, after a full disclosure by the trustee of the facts relating to the suit pending and the service made in this commonwealth, rendered judgment and execution against him upon which he has paid over the fund, that payment affords a conclusive reason for not charging him anew."

It will be noticed that in these cases more importance is given to the fact that judgment had been rendered against the trustee in a court of competent jurisdiction in another State, without fraud or collusion on his part and upon full disclosure by him, and that he had by compulsion of law paid such judgment, than to mere priority in time in the beginning of the suits or in the service of the writs. There is, moreover, a distinction, we think, between cases of the character of those above commented on and the case at bar. However slight the distinction may appear, still this is not a case where the garnishee, having been duly served with process of garnishment in one State and become subject to the jurisdiction of the court there, and bound to respond exclusively to whatever judgment that court might render, has gone into another State and there been served with another writ in favor of another creditor of the same debtor, as in *Embree* v. *Hanna, supra.* In such a case the courts of the latter State might well feel bound, upon principles of comity, to recognize as superior the right of the plaintiff in the first suit, which had attached before they had any jurisdiction of the garnishee, and thus, while fully re-

garding the rights of its own citizens, give due observance to the maxim that he who is first in point of time is stronger in right. In the case at bar the garnishee was established for business purposes and had agents in both States, and was subject to the process and jurisdiction of the courts of both States at one and the same time. While we cannot agree to the doctrine which the Wisconsin courts seem to hold, that the mere fact that because Corbetts, who owned the credit sought to be reached, resided in that State their jurisdiction was exclusive, neither can we hold that by the mere service of the garnishment writ exclusive jurisdiction was acquired by the court in this State.

If the principle stated in *Wilkinson* v. *Hall, supra,* be applied to the case at bar, (a case having other features which have been noticed and which make its application still more just,) the Wisconsin judgment, having been rendered after a full disclosure by the garnishee of this prior garnishment and without any fraud or collusion on its part, must, together with the enforced payment thereof, be held a complete bar here. This, we think, is obviously true whether, upon legal principles applicable to the facts of this case, it be held that the proceeding is in the nature of a proceeding *in rem,* or, without regard to the *situs* of the *res,* it be held that the courts of this State have jurisdiction on the ground that the garnishee is subject to the process of our courts and liable to be sued here for the recovery of the debt sought to be appropriated, for if, by legal fiction, it can be said that for the purposes of garnishment in foreign attachment proceedings the *res* was in this State and might therefore be proceeded against here, still, by no process of reasoning can it be held that it was any the less in Wisconsin at the same time, where not only the garnishee was also established for business purposes, but where its creditor, the owner of the debt, had his domicil. It was therefore a case where there was concurrent jurisdiction in the two

States and exclusive jurisdiction in neither. But the plea 'in abatement filed in the Wisconsin court went to the jurisdiction of that court by alleging that the jurisdiction acquired by the circuit court of Cook county was prior and exclusive, and as the jurisdiction of the Wisconsin court was concurrent with said circuit court the plea was properly held to be insufficient to abate the suit. The rule that where courts have concurrent jurisdiction the one first acquiring jurisdiction will retain it until the matter is finally disposed of does not apply, as before said, to courts in different States, but in such cases the suits may proceed concurrently, and where they are between the same parties the judgment first rendered may be pleaded in bar to the further maintenance of the other suit. This rule has been held to apply to divorce cases where the separated pair are residing and suing for a divorce each in a different State. The suits partaking of the nature of proceedings *in rem*,—that is, as against the *status* of marriage which exists between the pair in both States,—the judgment first rendered dissolving the marriage, especially where there has been personal service, is a bar when pleaded to the other suit, though such other suit was first commenced. *Jones* v. *Jones*, 108 N. Y. 415; *Dunham* v. *Dunham*, 162 Ill. 589.

If, then, the courts in both States had the right to proceed concurrently, the judgment first rendered was a valid judgment, and could be, and was, enforced against the garnishee. We have been referred to no case, and we know of none, where a second payment has been enforced upon the state of facts similar to that contained in this record. If the garnishee may, without its fault and after complying in good faith with the laws in both jurisdictions, be compelled to pay the same debt twice, it may be compelled to pay it as many times as there are jurisdictions in which it transacts business; yet it is the doctrine of all the authorities that the garnishee is not to be placed in any worse position by the garnishment

than he occupied as the debtor of the principal defendant, nor subjected to any greater liability because of the garnishment. We have established the doctrine in this State, as before shown, (*Hannibal, etc. Railroad Co.* v. *Crane, supra,*) that the company was subject to garnishment here because it was subject to the process of our courts, and could be sued and the debt recovered here; but it does not follow that because the writ was first served on the garnishee in this State our courts acquired exclusive jurisdiction, and that the courts of Wisconsin, where the garnishee was also subject to suit for the recovery of the same debt, must await the final action of our courts. It could not reasonably be expected that the courts of other States would accede to such a doctrine, yet nothing short of this would support the judgment appealed from, unless, indeed, it be held that it is the mere misfortune of appellant that it is liable to respond as garnishee for the same debt in every State where it may be temporarily domiciled for business purposes. And it is manifest that the grounds on which it has been held that the courts of this State will sustain garnishment proceedings against foreign corporations present and doing business in this State to reach debts owing to citizens of other States, are equally potent to support garnishment proceedings in another State at the same time in favor of another creditor.

To reverse this judgment is not to discriminate against our own citizens, as contended by counsel. They have the same facilities for obtaining the first judgment, and its satisfaction, as have the citizens of other States, and can exercise the same diligence and thus avoid conflicts of jurisdiction and the tying up of the fund by indefinite delay. We must therefore hold, that by force of the judgment, and its satisfaction, the debt which appellees were seeking to appropriate to the payment of their demand was extinguished, not by the voluntary act, fraud or collusion of the garnishee, (which, by all the authorities,

would have destroyed its immunity from a second payment,) but by compulsion of law. After such payment there was no longer in existence any debt to sustain the further proceedings by appellees in the circuit court of Cook county.

For the error in not discharging the garnishee the judgments of the Appellate and circuit courts are reversed.

*Judgment reversed.*