ANDREW M. BAILEY, DEFENDANT IN ERROR, v. THE PENNSYLVANIA RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued November 27, 1903—Decided May 13, 1904.

1. Where a defendant sets up as a defence that the debt has been attached in his hands as garnishee in another state, he must show that the very debt for which the suit is brought was attached.

2. If a part of the debt in suit was not due at the time the foreign attachment was issued, and the defence is interposed to the whole debt, or to more than was due at the time of the attachment, the defence is properly overruled.

On error to the Supreme Court. For opinion of that court, see 40 *Vroom* 194.

For the plaintiff in error, *Charles E. Gummere* (*Alan H. Strong,* on his brief).

For the defendant in error, *Aaron V. Dawes.*

The opinion of the court was delivered by

SWAYZE, J. This action was brought in the District Court of Trenton, on July 11th, 1902, to recover for wages earned by the plaintiff as an employe of the railroad company, in May and June, 1902. It was admitted that wages to the amount for which judgment was rendered ($69.15) had been earned and had not been paid. The defence was that an attachment had been issued against the plaintiff by a justice of the peace, in West Virginia, prior to the beginning of this suit. The record of the West Virginia attachment disclosed that proceedings were begun in that state June 3d, 1902, and that a copy of the attachment had been delivered to the agent of the railroad company, at Wheeling, on that day.

The state of the case shows that under the West Virginia statutes, which were offered in evidence, the garnishee is liable, "after judgment in favor of the plaintiff in attachment, to pay to such plaintiff the amount owing by said garnishee to defendant in attachment to the extent that the same would be required to satisfy the claim of said plaintiff." The amount of the judgment in West Virginia was $42.34. The plaintiff in error further proved that several attachments had issued against Bailey from the West Virginia justice's court, for a sum exceeding in the aggregate the amount due him for wages, but what these attachments were, or when they were issued, does not appear except by the record above stated.

The defendant insisted that it was entitled to withhold, for its protection against said attachments, respectively, the wages earned by the plaintiff, "or so much thereof as should be required for that purpose." The last statement, as quoted, is difficult to understand, in view of the previous statement

that the aggregate of the West Virginia attachments exceeded the amount due the plaintiff for wages. As we understand the statement of the case, the defendant insisted that it had established a complete defence to the plaintiff's action.

The case fails to present the important question as to the right of a defendant who has been garnisheed in an attachment issued in another state prior to the beginning of the suit in this state. It is not necessary now to decide whether he can plead the attachment in bar or in abatement (*Hixon* v. *Schooley, 2 Dutcher* 461), or whether his proper remedy is to apply for a stay, as in a case where the suit in the foreign jurisdiction is *in personam,* and has not proceeded to judgment. *Kerr* v. *Willetts,* 19 *Vroom* 78. Whatever practice is adopted, it is incumbent upon the defendant to show that the very debt for which the suit is brought was attached. In Hixon *v.* Schooley, the return showed the attachment of "goods, chattels, moneys, rights, credits and effects of Schooley, the defendant therein, in the possession or custody of William Hixon," and the Supreme Court held that such a return failed to show whether the debt for which the suit in New Jersey was brought had been attached in the Pennsylvania proceeding.

In the present case, the return of the attachment fails to show that anything at all was attached. All that appears is that a copy of the writ of attachment was delivered to the agent of the railroad company, and returned by the officer as executed. The date of its issue and return makes it manifest that, at most, only a part of the debt in suit could have been attached. This suit is brought for the wages earned in May and June. The June wages certainly could not have been attached, and it is not at all unlikely that the May wages were not payable until after June 3d; but even if we assume that the May wages were then due, the plaintiff was entitled to a judgment for the June wages.

Whether the defence is set up by way of a plea in abatement or a plea in bar, if it purports to meet the whole of the plaintiff's case and in fact meets only part of it, it is de-

fective. 1 *Chit. Pl.* \*459, \*524; *Lord* v. *Brookfield,* 8 *Vroom* 552, 553, 554; *Grafflin* v. *Jackson,* 11 *Id.* 440.

Although there are no formal pleadings in the District Court, a defence ought, nevertheless, to be presented with legal certainty. In this case the defendant seems to have insisted that the West Virginia attachments prevented any recovery at all by the plaintiff. This defence was too broad, for the reason that nothing was shown to prevent a recovery for the June wages. Even if the defendant did not insist that there could be no recovery at all, it certainly insisted that it had a defence to the extent of the amount of the judgment in West Virginia, which is set out in the record— $42.34. This is evidently more than could have been due from the railroad company to the present plaintiff when the attachment was issued, for the wages for May and June did not exceed $69.15, and not more than half of that amount could have been due when the attachment was issued. In any aspect of the case, the defence was too broad and was properly overruled.

These considerations dispose of the case and render it unnecessary to consider the effect of the recent decision of the West Virginia Court of Appeals, in *Pennsylvania Railroad Co.* v. *Rogers,* 44 *S. E. Rep.* 300. That question may be presented in case an application is made to the court below by the defendant for equitable relief by stay of execution.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DIXON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 10.

*For reversal*—None.