A. J. CASE & COMPANY, Appellee, v. ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

**APPEAL AND ERROR:** Foreign Judgment as Bar—Federal Questions. A plea that a judgment of a court of another state is a bar to an action in this state on the same subject-matter does not *necessarily* raise the point that such foreign judgment is entitled to the "full faith and credit" clause of the Federal Constitution.

**PLEADING:** Pleadings Demurrable. Demurrer will successfully lie to a plea in *absolute bar* of plaintiff's action, when such plea, on its face, shows that the matter pleaded could not, at the best, operate for more than a *partial bar*. So held where defendant pleaded in bar a foreign judgment in garnishment which sequestered only a part of the debt sued on.

**CONTINUANCE:** Pendency of Foreign Garnishment Proceeding. A debtor sued on a claim in one jurisdiction at a time when garnishment proceedings, based on the same claim, are pending against him in a foreign jurisdiction, is entitled to a continuance for a reasonable time in order that a final adjudication of the foreign garnishment proceedings may be had.

**APPEAL AND ERROR:** Non-Complaint of Manifest and Substantial Error. The appellate court will waive its rules requiring an assignment of errors relied on and brief points covering the same, and give full consideration to a *manifest* error (a) which appears upon the record, (b) which is of no substantial benefit to appellee, (c) which works a *substantial* hardship upon appellant, and (d) which appellant has unquestionably not abandoned, *even though he has in no manner complained on appeal of said error.* So held where the error not complained of was the refusal of the trial court to grant defendant a continuance until foreign garnishment proceedings against defendant were fully adjudicated.

PRESTON, C. J., WEAVER and EVANS, JJ., dissent, in view of the record.

*Appeal from Chickasaw District Court.*—W. F. SPRINGER, Judge.

FEBRUARY 16, 1918.

REHEARING DENIED JULY 1, 1918.

THE appellant railroad was once the debtor of one Cox. Case & Company sued on an assignment from Cox. The railroad company defended that, subsequent to the assignment, it was ordered, in garnishment proceedings in Illinois, to pay the fund to an Illinois creditor of Cox's. This plea was successfully demurred to; hence this appeal.—*Reversed and remanded.*

*Ellis & Ellis, Helsell & Helsell, Blewett Lee,* and *W. S. Horton,* for appellant.

*Smith & O'Connor,* for appellee.

Salinger, J.—I. It appears that plaintiff advanced money to one Cox, wherewith to do work for defendant, and that pay for this work was payable at plaintiff's place of business, possibly payable to the order of plaintiff. But plaintiff does not rely on this, but sues on its assignment from Cox—and the case before us is this: The defendant railroad company was, at one time, indebted to Cox. Cox made assignment to plaintiff, of which assignment the railroad company was notified. The defendant is suable in Illinois, and an alleged creditor of Cox's garnished it in Illinois. It notified Case & Company, in effect, that such garnishment proceedings were pending, and that it intervene and defend its rights to the fund held by the railroad company for someone. Case & Company did not appear. The justice of the peace in whose court in Illinois said garnishment was pending, adjudged that the garnishment plaintiff. was entitled to be satisfied out of said fund. Later, Case & Company sued the defendant upon its assignment of said debt once owing Cox. The defendant pleaded the Illinois garnishment proceedings in bar. A demurrer to this plea was sustained, and the defendant now urges such ruling to be erroneous.

The arguments before us present, on part of the appellee, the contention that, since Case & Company were not made parties to the Illinois garnishment, were not served with judicial notice of the proceedings, and made no appearance therein, that said order constitutes no adjudication against plaintiff, and is in no manner binding upon it. On the other hand, the railroad company urges that, whether or no the Illinois proceedings effect an adjudication in the strict sense, these proceedings are none the less entitled to the protec

tion of the full faith and credit clause of the Constitution of the United States.

For reasons presently to be stated, we are of opinion that neither contention should be entertained by us at this time.

### 1-a

The Federal question now presented was not made below, and we are inclined to think that, to raise it here, the trial court should have been given an opportunity to pass upon it. True, defendant did claim below that the Illinois proceedings were a bar to the claim of the plaintiff. But this did not necessarily invoke the protection of the full faith and credit clause of the Constitution of the United States. The protection of the full faith and credit clause may, of course, be waived. And such asserted bar can rest upon state statutes, state decisions, or common-law rules. Wherefore, making such defense is not necessarily a claim of protection under the Federal law. To say the least, the better practice is to make the Federal question in the court of the first instance.

1. APPEAL AND ERROR: foreign judgment as bar: Federal questions.

### 2-a

The defendant confesses that it holds a balance due of $368.70 on the claim that belonged to Cox before he assigned it to the plaintiff. It appears that the Illinois judgment impounded but $177.25 of that sum. The defense set up this $177.25 judgment as a complete defense, and asked that the plaintiff be sent out of court because of the judgment which, at most, appropriated but a part of the fund which the plaintiff claimed. It is manifest that this defense is too broad. The plaintiff was entitled to recover at least so much of the fund as exceeded the amount of the Illinois judgment; therefore, the existence of that judgment, no matter how binding, would not sustain the claim that plaintiff

2. PLEADING: pleadings demurrable.

was entitled to no relief; wherefore, the demurrer to such plea was good. See 1 Chitty on Pleadings, *459, 524; *Lord v. Brookfield*, 37 N. J. L. 552, 554; *Grafflin v. Jackson*, 40 N. J. L. 440; *Bailey v. Pennsylvania R. Co.*, 70 N. J. L. 308 (58 Atl. 83).

The defendant pleaded the sequestration of part of a fund claimed by the plaintiff, and thereupon asked that plaintiff recover nothing. It framed its own defense. The court could not reframe it, but, on demurrer interposed, was bound to pass upon the plea as defendant had tendered it. See *Mitchell v. Beck*, 178 Iowa 786. We may assume that the partial sequestration gave the defendant some rights, but it was not the right to have the plaintiff go hence without any recovery. Whether the partial sequestration should defeat the plaintiff's claim in its entirety was the only question tendered by the demurrer on this point; and the court, by sustaining the demurrer to such plea, ruled rightly that defendant was not entitled to the relief it sought.

At this point, then, it is quite immaterial whether the full faith and credit clause protects the Illinois judgment, or whether the same operates as an adjudication in strictness, or has any binding effect upon the plaintiff. No matter how much the full faith and credit clause protects it, or whether it was or was not a binding adjudication, the plaintiff was certainly entitled to recover so much of the fund due it as the Illinois judgment did not profess to touch. Wherefore, as said, a plea of the Illinois judgment as a complete defense was demurrable, because it was no such defense, no matter how the law dispute between these contenders be settled.

If a cause can be affirmed without passing upon an asserted Federal right, such right will not be inquired into. *New Orleans & N. E. R. Co. v. National Rice Milling Co.*, 234 U. S. 80 (34 Sup. Ct. Rep. 726).

II. But the defense in bar was not the sole defense. There was an allegation that judgment had been entered against the defendant for $177.25; that this judgment had been appealed, and the appeal was pending in one of the state courts of Illinois. See abstract, page 9. Based upon these allegations, there was a prayer for alternative relief, asking "that this action may be continued until final disposition of the appeal from the judgment rendered against defendant in the justice court of Joseph Dimke at Galena, Illinois. (Abstract, page 10.) The sustaining of the demurrer denied the right to such alternative relief. In our opinion, even as the plea in bar was too broad, the demurrer was too broad, and defendant should have been awarded the continuance it prayed.

3. CONTINUANCE: pendency of foreign garnishment proceeding.

Ordinarily, the pendency of a suit in another jurisdiction will not base an abatement; but to this rule there is at least one exception, and this case is squarely within it. A garnishee impleaded in one jurisdiction may use the proceedings and orders therein as an abatement, when impleaded in another jurisdiction by another debtor of his creditor's. See *Lancashire Ins. Co. v. Corbetts,* 165 Ill. 592 (46 N. E. 631), and Illinois cases therein cited; *Jones v. Jones,* 108 N. Y. 415 (15 N. E. 707); *Embree & Collins v. Hanna,* 5 Johns. (N. Y.) 101; *Wallace v. McConnell,* 13 Peters (U. S.) 135; *Whipple v. Robbins,* 97 Mass. 107; *American Bank v. Rollins,* 99 Mass. 313.

There is a strong analogy between the situation existing here and the cases wherein appellate tribunals apply a rule known as "the balance of convenience rule," in making provisional orders to preserve the status of what is involved in an appeal taken. As to this rule, we said, in *Wehrman v. Moore,* 177 Iowa 542, at 551:

"All that the judge should require is a case of probable right, or probable danger to the right without the interfer-

ence of the court; and its discretion should be regulated by the balance of inconvenience or injury to one party or the other * * * that, in a case where the issuance of a preliminary injunction can cause no substantial loss to anyone in any event, while the failure to issue it might result in a total loss by the plaintiff of all his right and claim in the subject-matter, the temporary injunction should be issued, unless it is reasonably clear that the alleged ground of action is altogether without any just foundation."

Applying this doctrine, we held that, if a stay of proceedings will cause plaintiff no damage if plaintiff finally prevailed, and a refusal to give the stay may leave the defendant without remedy, should he finally prevail, that then there is a proper case for granting the stay. And in substantially just such a case as we have now before us, the right to have such stay is recognized, in *Bailey v. Pennsylvania R. Co.*, 70 N. J. L. 308 (58 Atl. 83).

The essence and spirit of this rule of appellate practice fairly governs here. No good reason exists why this continuance should be denied, while there is every reason for granting it. If the Illinois judgment shall become final on appeal, it will become necessary to determine here whether such judgment binds the plaintiff. But why indulge in a conflict between the jurisdictions until that becomes unavoidable? So far from endorsing needless precipitation of such a conflict, the law demands the observance of every reasonable comity, and, therefore, makes it the duty of the citizen within the jurisdiction of the court last resorted to "to avoid conflicts of jurisdiction" and the tying up of the fund by litigation to settle the conflict between the states. *Lancashire Ins. Co. v. Corbetts*, 165 Ill. 592 (46 N. E. 631). The most that can happen is that, should the judgment in Illinois be affirmed, it must then be determined here whether such judgment shall affect the plaintiff. The delay sought by defendant will not injure the plaintiff, should such judg-

ment be upheld. The plaintiff will be still able to urge what it does now. If its contention be then sustained, it will recover the entire fund, with interest. Should its attack upon the judgment, when final, be held untenable, the delay will not have been injurious; for, in that event, the delay will but have settled that plaintiff was never entitled to so much of the fund as the Illinois judgment sequestrates. Should the Illinois judgment be reversed by the higher courts in Illinois, the delay, so far from injuring the plaintiff, will be of benefit to it. In that event, there will be no occasion for litigation, and the garnishee will be bound to pay over the entire fund to plaintiff, and have no defense to urge against doing so. Every possible contingency that may occur by reason of the delay can do the plaintiff no harm which the law recognizes. On the other hand, it is manifest that a refusal to grant the delay asked may do the defendant an injury. By going on with its appeal in Illinois, the defendant may be relieved from having any conflict with the plaintiff. If the judgment should be reversed, then, as said, the defendant will be able to pay this plaintiff in safety, and without a contest. By refusing the continuance, the defendant is absolutely prevented from taking at least one step that might free it from double liability. Granting the continuance makes it at least possible, without any injury to the plaintiff, to create a situation whereby defendant need not pay double, and need have no contest with plaintiff. If the continuance be denied, it cannot go on with an effort which might make it unnecessary to pay double though plaintiff recover the entire fund.

We are of opinion the defendant was entitled to the alternative relief prayed for, and that, therefore, it was error to hold, by sustaining the demurrer, that defendant was not entitled to that relief.

The difficulty we have in reaching this conclusion is created by the fact that, while the record discloses the alle-

gation that appeal is pending, and the prayer that trial be
deferred until this appeal is determined, and
exhibits that this relief was denied, no com-
plaint is made of such denial. But we have
often said that the rules of presentation
here are for the benefit of the court; that
they may be waived by the court, and in a
proper case, should be waived by it. See *Cooley v. Maine*, 183
Iowa 560; *Mitchell v. Beck*, 178 Iowa 786. We think here
is a case for waiver. In the higher Federal courts, it is
usual to relieve for "manifest error," though the presenta-
tion disregard the rules. These rules are not made to give
sanctuary to wrongs. Their purpose is to furnish the court
with helps in determining whether there is an error to
right. If it be plain that there is, rule presentation would
make it no plainer, and the only bar to consideration would
be by abandonment. We have pointed out that the ruling
below, while of no substantial benefit to the appellee, works
a substantial hardship upon the appellant; that no good
reason exists for denying the alternative relief which appel-
lant sought. It is beyond belief that appellant intends to
abandon his claim for alternative relief. It is fairly ap-
parent that it did not press it according to rule because it
was over-confident in believing that another question pre-
sented would be entertained and so decided as to make it
needless to complain of the denial of alternative relief. If
the rules may ever be waived, it certainly should be done
where a needless wrong will result if the rules of presen-
tation are insisted upon. Moreover, in passing in this case
upon whether the alternative relief should be granted, we
are not so much foregoing some benefit to this court, as
relieving the court from doing what at this time should
not be done. Should we now determine that the Illinois
judgment does not affect the plaintiff, we might be deciding
a question that, for aught we know, may, at this very time,

4. APPEAL AND
ERROR: non-
complaint of
manifest and
substantial
error.

be moot, because said judgment has been reversed. We are not so much waiving our rules of presentation, as declining to disregard a manifest error for the purpose of settling what may be a mere academic question, or may become one, if certain steps be taken before we act finally. We are, in effect, doing no more by this "waiver" than deferring our action until it shall be settled that we need to act. In view of the conclusion reached, it is, of course, improper to go into the effect of the Illinois judgment, should same be approved in Illinois.

The cause is remanded to the district court for further proceedings in harmony with this opinion. If, when the matter is reached for hearing, on this remand, it shall be made to appear that said judgment of the justice of the peace has been finally affirmed, the defendant has leave to amend its answer, if so advised; and should demurrer thereto be interposed, any rulings thereupon will be reviewable, on appeal therefrom by the party aggrieved thereby. If, when hearing is reached on remand, it shall appear that said judgment has not been made final, the court will enter an order granting defendant a reasonable time to obtain a final appellate decision in Illinois, as to the standing of said Illinois judgment.—*Reversed and remanded.*

LADD, GAYNOR, and STEVENS, JJ., concur.

EVANS, J. (dissenting). I favor an affirmance in this case on other grounds than those stated in the first division of the majority opinion. I do not care, therefore, to discuss such first division, although I am somewhat skeptical of its soundness.

I do dissent from the second division of the opinion. First, I think it is not warranted by the pleadings in the lower court. The answer in question was an affirmative defense. No counterclaim or cross-bill was pleaded. It did conclude with a prayer quoted in the majority opinion.

But a prayer has no place in a defensive answer. Neither could such prayer be effective as a motion for continuance. If the defendant desired a continuance, it could have moved for the same, and could have supported its motion with a showing of facts. It did not do so. It is the only way that a continuance could have been obtained, in advance of a trial of the issues. The prayer of the answer brought nothing before the court for a preliminary consideration.

Suppose there had been no demurrer. The case would have been at issue upon petition and answer, and would have gone to trial upon the allegations of the answer. Again, suppose the demurrer had been overruled. The case would be at issue and ready for trial. An overruling of the demurrer would not have continued the case. The sustaining of the demurrer would not prevent a continuance. It in no manner adjudicated the question whether the case ought to be continued or not. Briefly, the situation is: there was no motion for a continuance, and we are now reversing the case because the trial court did not, by some means, in the absence of a motion, yet continue the case.

Furthermore, the appellant has not claimed a reversal on any such ground. He has claimed nothing here on this appeal by reason of the fact that the prayer of his answer asked a continuance. The argument of appellant has formally specified three errors relied on for reversal. These are as follows:

(1) The court erred in sustaining plaintiff's demurrer to defendant's answer, as amended.

(2) The court erred in rendering judgment in favor of the plaintiff against the defendant upon defendant's allegation to stand on its answer as amended.

(3) The court erred in not giving full faith and credit to the judgment rendered in the justice court of Joseph Dimke at Galena, Jo Daviess County, Illinois.

It has stated five brief points, or propositions of law.

The question of continuance is not suggested, directly or indirectly, either in the errors relied on or in the brief points. Furthermore, there is not a suggestion of the kind in the argument.

I cannot agree to the statement of the majority that the rule requiring brief points is wholly for the benefit of the court, and that it is a matter of grace with us to waive or insist. The appellee has a right to rely upon the stated errors relied on for reversal, and upon the argument of the appellant. The conduct of the appellee as to accepting the appellant's abstract or filing an amendment thereto is often determined by the scope of appellant's argument. Nor would the appellee be justified in arguing questions negatively which are not raised nor insisted upon by the appellant in his brief. The result in this case is that we are reversing it upon a question which has not been argued by either side. Surely, the appellee was entitled to be heard upon the question that is found to be fatal to his judgment.

I favor the affirmance of the case on its larger merits. The plaintiff in this case was, in a legal sense, a party to the contract out of which the claim arose. The consideration to be paid by the defendant company was to be paid to the plaintiff, by the express terms of the contract. It is named as payee of the contract. Such is the legal effect of the proviso, "At A. G. Case & Co.'s, to their order." There was a valid consideration for such provision. The plaintiff advanced all the expense money to Cox necessary for the performance of the contract. The amount so advanced was $360 of principal. The assignment from Cox was a mere relinquishment of any equity or interest in the *contract*. It was not the assignment of an account or debt due him from the defendant railway company, in the ordinary sense of the term. Plaintiff brings its action on the contract. The contract was an Iowa contract, made in Iowa by residents of Iowa. There was never a moment when Cox could

have maintained an action against the railway company for
the amount due under such contract. There was never a
moment when the railway company could have discharged
its obligation to the plaintiff under this contract by paying
the money to Cox. It was, therefore, not a debtor to Cox,
in a legal sense.

It appears from the defendant's answer that a banking
company in Illinois purported to bring an attachment
suit against Cox, and to obtain jurisdiction *in rem* before a
justice of the peace, by garnishment of the railway com-
pany as a supposed debtor of Cox. The proceeding was wholly
*in rem*. It is not claimed that any personal jurisdiction was
acquired of any party except the garnishee. Now, if the
railway company never was a debtor to Cox, there was no
*res*. Of course, if there was no *res*, there would be no
jurisdiction *in rem;* if no jurisdiction *in rem*, there was no
jurisdiction at all.

If some alleged creditor of the plaintiff had brought an
attachment suit in Illinois, and had garnished the railway
company, a very different question would be presented. In
such case, jurisdiction *in rem* could be obtained; and it may
be conceded that, in such case, the duty would devolve upon
the plaintiff to defend the garnishment. Plaintiff has
brought suit upon the contract on the faith of which it
parted with its money. This contract was signed by the
railway company in advance of receiving the benefits there-
under. Though plaintiff received an assignment or relin-
quishment from Cox, it had no need of it, so far as main-
taining its suit against the railway company was concerned.
The plaintiff is not suing as an assignee of an account. It
does allege, in its petition, that Cox "verbally assigned and
set over said contract to plaintiff." Even that allegation
was unnecessary. The plaintiff was specifically named as the
payee of the contract, and, under our statute, had a right to
maintain its action thereon.

Suppose, therefore, that Cox never had assigned the contract. Would such omission be fatal to the maintenance of its action on the contract by the plaintiff? Manifestly not. I emphasize, therefore, the proposition of fact appearing in the record, that the plaintiff is not suing as the assignee of Cox; nor is it suing as an assignee of an account; nor could the defendant ever have truthfully answered, as a garnishee, that it was, at any time under the contract sued on, a debtor to Cox. I would affirm.

WEAVER, J., joins.

PRESTON, C. J.—I concur in the dissent of Justice Evans, except that I am of opinion that, in exceptional and proper cases, the court may, though not compelled to do so, decide a case on points not argued.