WILLIAM GIBSON JONES, Appellant, *v.* LULA V. JONES, Respondent.

In an action for divorce, by the husband, it appeared that defendant, the wife, had obtained a decree of divorce from plaintiff in Texas, on the ground of cruel treatment, in a suit commenced as authorized by the laws of that state, by the filing of a petition and service in the city of New York of a copy thereof, and of the citation on the husband, a resident of this state. Thereafter the husband, then being in Texas, filed an answer to the petition, which, after alleging want of jurisdiction of his person, and that he appeared solely for the purpose of a motion to quash the service of the citation, contained a general denial of the allegations of the petition. The court overruled the motion to quash the service. Upon the husband's motion the case was continued until the next term to enable him to prepare for trial, and at such term was tried and the decree granted. On appeal by the husband the judgment was affirmed. *Held*, that while the Texas court acquired no jurisdiction by the service of the citation in this state, yet that by going to Texas and filing an answer the husband became bound by the statute law of that state prescribing the effect of that proceeding, and as by that law the filing of an answer by a defendant is an appearance and submission to the jurisdiction, the Texas judgment was a valid and binding adjudication, and was a good defense to the action here; and this, although the Texas action was commenced after the commencement of the action in this state.

*It seems* that the marriage relation is not a *res* within the state of the party invoking the jurisdiction of a court to dissolve it, so as to authorize the court to bind the absent party, a citizen of another jurisdiction, by substituted service, or actual notice of the proceeding given without the jurisdiction of said court, and like other contracts the contract of marriage cannot be annulled by judicial sanction without jurisdiction of the person of the defendant.

(Argued January 20, 1888; decided February 28, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 30, 1885, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Edwin B. Smith* for appellant. Any ordinary personal judgment against defendant in Texas, obtained upon published notice or of any form of substituted service, would be invalid as to everything except the particular property in Texas specifically holden to respond thereto. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Bartlett* v. *Spicer*, 75 N. Y. 534; *Bartlett* v. *McNiel*, 60 id. 53; *Schwinger* v. *Hickok*, 53 id. 280; *Hart* v. *Sansom*, 110 U. S. 155, 156; *Eastman* v. *Wadleigh*, 65 Me. 251; *McKinney* v. *Collins*, 88 N. Y. 216; *Hare* v. *Hare*, 10 Tex. 356, 357.) The defendant would not confer jurisdiction simply by appearing for the sole purpose of denying it; although if his objection should be deemed valid, the effect would be to turn the libellant out of court, and if he was overruled he would be in just as good a position as if he had not appeared at all. (*Ogdensburg* v. *Vt. R. R. Co.* 16 Abb. Pr. [N. S.], 249; *Graham* v. *Spencer*, 14 Fed. Rep. 603; *Holcomb* v. *Phelps*, 16 Conn. 131, 132; *Cunningham* v. *Goelet*, 4 Denio, 72; *Wright* v. *Boynton*, 37 N. H. 19; *McKinney* v. *Jones*, 7 Tex. 598; *De Witt* v. *Monroe*, 20 id. 289.) Nor would jurisdiction be conferred by going to trial upon the merits after his objection has been overruled. (*Harkness* v. *Hyde*, 98 U. S. 479; *Ressequil* v. *Brownson*, 4 Barb. 545; *Allen* v. *Stone*, 9 id. 64; *Belden* v. *E. R. Co.*, 15 How. Pr. 18; *People* v. *Wyman*, 1 T. & C. 580; *Ins. Co.* v. *Dunn*, 19 Wall. 223; *Steamship Co.* v. *Tugman*, 106 U. S. 122, 123; *Sullivan* v. *Frazer*, 4 Robt. 616; *Black* v. *Clendenin*, 3 Mont. 44; *Walling* v. *Beers*, 120 Mass. 549, 550; *Dewey* v. *Greene*, 4 Denio, 94; *Wheeler* v. *Lapman*, 14 John. 481; *Warren* v. *Crane*, 50 Mich. 301.)

Section 905 of United States Revised Statutes, which gives
to a judgment rendered in any state such faith and credit as
it had in the courts of the state where it was recovered,
does not extend to judgments rendered against persons
not amenable to the jurisdiction rendering the judgments.
(*D'Arcy* v. *Ketchum*, 11 How. 165 ; *Kane* v. *Cook*, 8 Cal. 449 ;
*Mc Vicker* v. *Beedy*, 21 Me. 314 ; *Rangeley* v. *Webster*, 11
N. H. 299.) Whenever an action is brought in one state on a
judgment recovered in another, it is not enough to show it is
valid in the state where it was rendered ; it must also appear
that the defendant was either personally within the jurisdic-
tion of the state or had legal notice of the suit ; and was in some
way subject to its laws, so as to be bound to apppear and con-
test the suit, or suffer a judgment by default. (*Lafayette* v.
*French*, 18 How. [U. S.] 406 ; *Pub. Works* v. *Columbia*, 17
Wall. 528 ; *Force* v. *Gower*, 23 How. Pr. 294 ; *Schwinger* v.
*Hickok*, 53 N. Y. 280 ; *Roberts* v. *Hodges*, 16 N. J. Eq. 305 ;
*Hollister* v. *Abbott*, 31 N. H. 448 ; *Foster* v. *Wells*, 4 Tex.
101 ; *Irby* v. *Wilson*, 1 Dev. & B. [Eq.] 578 ; *Bimeler* v.
*Dawson*, 5 Ill. 536 ; *Granger* v. *Clark*, 22 Me. 128 ; *Apple-
gate* v. *Lexington*, 117 U. S. 271 ; *Shumway* v. *Stillman*, 4
Cow. 292 ; 6 Wend. 447 ; *Kelly* v. *Hooper*, 3 Yerg. 395 ;
*Black* v. *Black*, 4 Brad. 174 ; *Clark* v. *Bryan*, 16 Md. 176,
177.) Unless the court rendering the judgment had jurisdic-
tion both of the cause and of the parties, it would be treated
as a nullity. (*United States Bk.* v. *Merchants' Bk.*, 7 Gill,
429 ; *Ewer* v. *Coffin*, 1 Cush. 23 ; *Bissell* v. *Wheelock*, 11 id.
279 ; *Aldrich* v. *Kinney*, 4 Conn. 380 ; *Gleason* v. *Dodd*, 4
Metc. 336 ; *Lawrence* v. *Jarvis*, 32 Ill. 310 ; *Norton* v.
*Shelby*, 118 U. S. 442 ; *Clark* v. *Bryan*, 16 Md. 178 ;
*Parish* v. *Parish*, 32 Ga. 653, 655 ; *Davis* v. *Smith*, 5 id.
274 ; *Wilson* v. *Arnold*, 5 Mich. 98 ; *Smith* v. *Knowlton*,
11 N. H. 191 ; *Kittredge* v. *Emerson*, 15 id. 227 ; *Welton*
v. *Carr*, 1 Tex. 463 ; *Horwood* v. *Cobb*, 20 id. 588 ; *Kibbe*
v. *Kibbe*, Kirby, 126 ; *Starbuck* v. *Murray*, 5 Wend. 148 ;
*Rape* v. *Heaton*, 9 Wis. 333, 334 ; *Kerr* v. *Kerr*, 41 N.

Y. 272 ; *Sanford* v. *Sanford*, 28 Conn. 6 ; *Davis* v. *Smith*, 5 Ga. 296, 297 ; *Chany* v. *Bryan*, 15 La. 591 ; *Gettys* v. *Gettys*, 3 id. 260 ; *Ferguson* v. *Crawford*, 70 N. Y. 260, 261 ; *Granger* v. *Clark*, 22 Me. 130 ; *Cassidy* v. *Leitch*, 2 Abb. [N. C.] 319, 320 ; *Hall* v. *Lanning*, 91 U. S. 164 ; *Durant* v. *Abendroth*, 97 N. Y. 141.) It is only when the jurisdiction of the court in another state is not impeached, either as to the subject-matter or the person, that the record of the judgment is entitled to full faith and credit. (*Thompson* v. *Whitman*, 18 Wall. 461, 562, 463 ; 18 id. 469 ; *Hanley* v. *Donoghue* 116 U. S. 7.) The submission of the questions involved to the Supreme Court of Texas by defendant's appeal thereto from the district court of Camp county conferred no jurisdiction, if none previously existed. (*Horan* v. *Wahrenberger*, 9 Tex. 313 ; *Williamson* v. *Berry*, 8 How. 540 ; *Aulanier* v. *Goor*, 1 Tex. 653 ; *Baker* v. *Chrisholm*, 3 id. 157 ; *Able* v. *Blomfield*, 6 id. 263 ; *Hearn* v. *Cuthbert*, 10 id. 217 ; *Chambers* v. *Hodges*, 23 id. 110 ; *Billingsby* v. *State*, 3 Tex. App. 688 ; *Kibbe* v. *Kibbe*, Kirby 126 ; *Drew* v. *Alfr. Bk.*, 55 Me. 452 ; *Ball* v. *Claflin*, 5 Pick. 303 ; *Ward* v. *Kalbfleisch*, 21 How. Pr. 285 ; *Bond* v. *Howell*, 11 Paige 234 ; *Hatch* v. *Bank*, 78 N. Y. 490 ; *Eighmie* v. *Taylor*, 39 Hun, 368, 369 ; *Matthews* v. *Tufts*, 87 N. Y. 568 ; *Person* v. *Grier*, 66 id. 124 ; *Cannon's case*, 47 Mich. 481 ; *Mitchell* v. *Wixon*, 19 N. W. Rep. 176 ; *Norris* v. *Beach*, 2 Johns 294 ; *Halsey* v. *Stewart*, 4 N. J. Law 366 ; *Healey's case*, 53 Vt. 694 ; *Vincent* v. *Watson*, 1 Rich'd Law 194 ; *Newton* v. *Askew*, 6 Hare, 319 ; *Persse* v. *Persse*, 5 H. L. Cas. 671 ; Code Proc., §§ 139, 424 ; *Sanford* v. *Close*, 3 Cow. 381 ; *Clerk* v. *Grant*, 2 Wend. 257 ; *Seaver* v. *Robinson*, 3 Duer 622.) Any attempt to gain jurisdiction in the manner contended for by the appellant would be treated as a fraud. (*Snelling* v. *Watrous*, 2 Paige 314 ; *Metcalf* v. *Clark*, 41 Barb. 45 ; *Goupil* v. *Simonson*, 3 Abb. Pr. 475 ; *Buckley* v. *Buckley*, 6 id. 307 ; *Whetstone* v. *Whetstone*, 31 Iowa, 276 ; *Wells* v. *Gurney*, 8 B. & C. 769 ; *Townsend* v. *Smith*, 47 Wis. 623 ; *Johnson* v. *Johnson*, 67 How. Pr. 144, 146 ; *O'Dea* v. *O'Dea*,

101 N. Y. 23; *Barnard* v. *Onderdonk*, 98 id. 164, 165; *Helck* v. *Rheinheimer*, 8 N. Y. St. Rep. 75.) A foreign judgment rendered against a citizen of the state in which it was pronounced, stands on a very different footing from a foreign judgment against one who owed no allegiance to and was not subject to the jurisdiction of the state in which it was rendered. (*Cassidy* v. *Leitch*, 2 Abb. N. C. 319.) This is especially true of actions for divorce. (2 Bishop M. & D. § 144; Wharton Conf. Laws, §§ 206, 207, 656.) The state of actual *bona fide* domicil has the paramount right to determine the status of those who were there domiciled during the continuance of harmonious marital relations, which right cannot be defeated by any change of residence by either party not *bona fide* as towards the other, or as to the laws, courts or legal proceedings of the state of honest domicil. (Freeman on Judgments, §§ 580–587; Cooley's Const. Lims., 400, 401; Wharton Conf. Laws, §§ 224, 239; *Schindel* v. *Schindel*, 12 Md. 311; *Waggoner* v. *Waggoner*, 20 The Rep. 243; *Vischer* v. *Vischer*, 12 Barb. 640, 643; *Jackson* v. *Jackson*, 1 Johns. 432, 433; *Hunt* v. *Hunt*, 72 N. Y. 228, 242, 243; *Greene* v. *Greene*, 11 Pick. 414; *Hood* v. *Hood*, 11 Allen, 199; *Harteau* v. *Harteau*, 14 Pick. 186; 2 Bishop Mar. & Div., § 163; *Borden* v. *Fitch*, 15 id. 143; *Barber* v. *Root*, 10 Mass. 262; *Bradshaw* v. *Heath*, 13 Wend. 407; *McGeffert* v. *McGeffert*, 31 id. 69; *Kerr* v. *Kerr*, 41 N. Y. 272; *Hoffman* v. *Hoffman*, 26 id. 30; *Holmes* v. *Holmes*, 4 Lans. 388; *Moe* v. *Moe*, 2 T. & C. 647; *Hanover* v. *Turner*, 14 Mass. 227; *Neal* v. *Neal*, 1 La. An. 315; *Dorsey* v. *Dorsey*, 7 Watts. 352; *Forest* v. *Forest*, 2 Edm. Sel. Cas. 180; *Stanton* v. *Crosby*, 9 Hun, 375, 376; *Leith* v. *Leith*, 39 N. H. 34; *Lyon* v. *Lyon*, 2 Gray, 367; *Smith* v. *Smith*, 13 Gray, 209; *Chase* v. *Chase*, 6 id. 160, 161; *Shannon* v. *Shannon*, 4 Allen, 134; *Manning* v. *Manning*, L. R., 2 P. & M. 221; *Maguire* v. *Maguire*, 7 Dana, 181; *Reel* v. *Elder*, 62 Penn. St. 315; *Cox* v. *Cox*, 19 Ohio St. 502, 511, 512; *Whitcomb* v. *Whitcomb*, 46 Iowa, 437; *Burlen* v. *Shannon*, 115 Mass. 449; *Cheeley* v. *Clayton*, 110 U. S. 705, 709; *Sewall* v. *Sewall*,

122 Mass. 161, 162; *People* v. *Baker*, 76 N. Y. 83.) Even if Mrs. Jones, under the circumstances, could and did have an actual domicil in Texas — which could be *bona fide*, toward Mr. Jones and the courts of New York, to which he had resorted and where she had appeared — so as to entitle her to proceed in those courts for the definition of her status there, yet, as her husband retained his *bona fide* domicil in New York, no decree without personal service or his voluntary appearance in Texas would affect his status here. (*People* v. *Baker*, 76 N. Y. 78, 82, 84; *Todd* v. *Kerr*, 42 Barb. 319; *Cook* v. *Cook*, 56 Wis. 195, 209, 210; *Collins* v. *Collins*, 80 N. Y. 7; *Garner* v. *Garner*, 56 Md. 128, 129; *Wright* v. *Wright*, 24 Mich. 186; *Flower* v. *Flower*, 42 N. J. Eq. 152, 153; *Gregory* v. *Gregory*, 76 Me. 535; 78 id. 187, 189; *Durant* v. *Abendroth*, 97 N. Y. 141.) The judgment of another state is, upon the question of jurisdiction, treated as a foreign judgment. (*Durant* v. *Abendroth*, 97 N. Y. 141; *Borden* v. *Fitch*, 15 Johns. 145; *Getty* v. *Getty*, 3 La. 262; *Reed* v. *Reed*, 52 Mich. 122.) Where two courts have concurrent jurisdiction over the same subject-matter, the court in which suit is first commenced is entitled to retain it. (*Smith* v. *McIver*, 9 Wheat. 532; *Peck* v. *Jenness*, 7 How. 612; *Clipper* v. *State*, 4 Tex. 245; *Eaton* v. *Patterson*, 2 Stew. & P. 9; *Ex parte Langston*, 8 Ohio St. 599; *Stearns* v. *Stearns*, 16 Mass. 171, 203; *McCarthy* v. *Peake*, 18 How. Pr. 138; *Mallett* v. *Dexter*, 1 Curtis, 179; *Parsons* v. *Lyman*, 5 Blatch. 170; *Insurance Co.* v. *Univ. Chicago*, 6 T. R. 443; 1 Burge, Col. & For. Laws, 690.)

*W. W. Badger* for respondent. Consent always gives jurisdiction of the person. (2 Duer, 635; 4 id. 603; *McCormick* v. *Pa. R. R. Co.*, 49 N. Y. 303; *Hunt* v. *Hunt*, 72 id. 217, 222; *Palmer* v. *Phœnix Ins. Co.*, 10 Week. Dig. 179; affirmed 84 N. Y. 66; *Hovey* v. *McDonald*, 45 Super. Ct. 606; 12 Abb. Pr. [N. S.], 335; 6 Hill, 47; *Pitt* v. *Davison*, 37 N. Y. 243; *Fisher* v. *Hepburn*, 48 id. 41, 52; *Wheelock* v *Lee*, 15 Abb. Pr. [N. S.], 24; *Cheever* v. *Wilson*,

9 Wall. 108; *Ward* v. *Roy*, 69 N. Y. 98; *O'Dea* v. *O'Dea*, 101 id. '24; *Pennoyer* v. *Neff*, 95 U. S. 714.) Courts of other states are exclusive judges of the true construction of their own municipal law and methods of procedure, and their decisions cannot be disputed in collateral proceedings, but must stand good till vacated, and are binding upon the federal and other courts. (8 Abb's Dig. Sup. 118, § 109; *Hunt* v. *Hunt*, 19 Alb. L. J. 76; *Kinnier* v. *Kinnier*, 45 N. Y. 540, 544.) The first objections to the petition and citation served in New York, whether valid or not, were wholly avoided by the new petition filed December 2, 1882, of which defendant had due notice in Texas. (*Gribbon* v. *Freel*, 93 N. Y. 95, 97; *Clapp* v. *Graves*, 26 id. 418; *A. & P. Tel. Co.* v. *B. & O. R. R. Co.*, 87 id. 358; 53 id. 567, 601; *O. & L. R. R. Co.* v. *V. C. R. R. Co.*, 63 id. 181; *Johnson* v. *Johnson*, 67 How. Pr. 15; *Ratel* v. *Ratel*, 17 Week. Dig. 136: *Mahoney* v. *Penman*, 4 Duer, 603; 12 Hun, 176; 5 Duer, 605; 12 Barb. 645; 4 Rob't, 616; 3 id. 666; 2 id. 206.)

ANDREWS, J. This action was begun in May, 1882, by publication of the summons, but before it was tried the defendant had obtained a decree of divorce in Texas, in a suit commenced by her in that state against her husband, this plaintiff, by the filing of a petition July 28, 1882, and the service on the husband, a resident of New York, at the city of New York, of a copy of the petition and of the citation in the action, which decree was by supplemental answer in this action, pleaded as a defense thereto, and this defense having been sustained by the court below, the plaintiff has appealed to this court.

It appears from the record that the parties, then being residents and citizens of this state, were married in the city of New York in 1875. They lived together until 1878, when they separated, and the wife went to the house of her parents in the city of New York, where she remained until January, 1882, when she removed with her parents to the state of Texas, where she has remained from that time. By the laws of Texas

a divorce may be granted for cruel treatment and other causes than adultery, and an action may be brought therefor by a person who has been a *bona fide* resident of the state for six months prior to the commencement of the action. The petition filed by the present defendant in the action in Texas, alleged that she was a *bona fide* inhabitant and citizen of Texas and had continuously resided there for more than six months next preceding the filing of the petition; that the parties had married in 1875, and that the petitioner was compelled to leave her husband in 1878, on account of his cruel treatment, and that she had since lived separate and apart from him. The petition alleged in detail the circumstances of the conduct of the husband and prayed for a citation to the defendant, and for a decree of divorce in favor of the petitioner, and that she should be awarded the custody of the child of the marriage. The citation, together with a certified copy of the petition, was personally served on the husband in the city of New York, September 7, 1882. On the 1st of December, 1882, the husband, then being in Texas, through his attorney, filed an answer to the petition, in which, after protesting that the court had no jurisdiction of his person, and that he appeared for the purpose of the motion only, moved to quash the service of the citation and notice on the ground among others that the service was defective and not sufficient in law to give the court jurisdiction. This was followed by a special plea to the jurisdiction, special exceptions to the petition, and a general denial of the allegations therein. On the 2d of December, 1882, the wife filed an amended petition, alleging in addition to the matters stated in the original petition, that the husband, in April, 1882, in Texas, falsely charged her with unchastity, using indecent and opprobious language towards her. The husband, on the 6th of December, 1882, filed an amended answer, protesting as before that the court had no jurisdiction of his person, and containing special pleas and a general denial as in the first answer. On the same day the court overruled the husband's motion to quash the service of the citation and notice and he

excepted.   On May 4, 1883, the husband filed a second amended answer, still protesting, etc., against the jurisdiction, and moved for a continuance of the case until the next term, to enable him to prepare for trial.   The motion was granted and the case was tried before a jury at the December Term, 1883, and upon their finding judgment of absolute divorce was rendered for the plaintiff.   The husband appealed therefrom to the Supreme Court of Texas, where the judgment was affirmed.

The case turns upon the validity of the Texas judgment, and that depends upon the point whether the Texas court had jurisdiction to render it, so as to entitle it under the Constitution and laws of the United States to be regarded in this state as a valid and conclusive adjudication dissolving the marriage.   The right to maintain an action for divorce in this state presupposes the existence of the relation of husband and wife.   (2 R. S., 144, § 38; Code Civ. Pro., § 1756.) If the Texas judgment is a binding adjudication here, clearly the complaint was properly dismissed, because when the case came on for trial there was no marital bond and no relation of husband and wife existing between the parties. It makes no difference that the action in this state was first commenced.   If the Texas court had jurisdiction, the case is simply one of concurrent jurisdiction in the courts of two states, and the judgment first rendered dissolving the marriage concludes the question in the court of the other jurisdiction.   The validity of the Texas decision is assailed on the ground that the courts in that state never acquired jurisdiction over the person of the defendant.   If this contention is well founded, it is conclusive against giving any effect to the Texas decree.   The judgment of another state may be impeached for want of jurisdiction of the person or subject-matter when it comes in question in our courts.   It is an elementary principle that no court can lawfully adjudge rights of persons or property in the absence of jurisdiction; and it is firmly settled that a judgment of the court of another state is binding here only so far as the court rendering it had jurisdiction.

It is not protected under the Constitution and laws of the United States from attack for want of jurisdiction. If rendered without jurisdiction, it is not a judgment, but a mere arbitrary prescription, without force as a judicial proceeding in another forum. (*Borden* v. *Fitch*, 15 John. 121 ; *Starbuck* v. *Murray*, 5 Wend. 148 ; *Kerr* v. *Kerr*, 41 N. Y. 272 ; *Thompson* v. *Whitman*, 18 Wall. 461.) In the determination of the question whether the Texas court acquired jurisdiction of the person of the defendant in the action, it must be conceded at the outset that the service of the citation upon the defendant here, who, at the time, was a resident and citizen of New York, owing no allegiance to the state of Texas, was utterly void and ineffectual as a means of giving the courts of Texas jurisdiction of the defendant. The process of courts run only within the jurisdiction which issues them. They cannot be served without the jurisdiction, and courts of one state cannot acquire jurisdiction over the citizens of another state under statutes which authorize a substituted service, or which provide for actual service of notice without the jurisdiction so as to authorize a judgment *in personam* against the party proceeded against. This question has recently been considered in several cases in this state with a fullness of argument and illustration which leaves nothing to be said and it is sufficient to refer to the decisions. (*Kerr* v. *Kerr*, *supra* ; *Hoffman* v. *Hoffman*, 46 N. Y. 30 ; *Hunt* v. *Hunt*, 72 id. 217 ; *People* v. *Baker*, 76 id. 78 ; *O'Dea* v. *O'Dea*, 101 id. 23.) It cannot be doubted, therefore, that the Texas court did not acquire jurisdiction of the defendant in the action by the service of the citation here, or that if the defendant had remained silent, taking no notice of the proceeding, no valid judgment could have been rendered against him. The contract of marriage cannot be annulled by judicial sanction any more than any other contract *inter partes*, without jurisdiction of the person of the defendant. The marriage relation is not a *res* within the state of the party invoking the jurisdiction of a court to dissolve it, so as to authorize the court to bind the absent party, a citizen of another jurisdiction, by sub-

stituted service or actual notice of the proceeding given without the jurisdiction of the court where the proceeding is pending.  (FOLGER, J., *Hunt* v. *Hunt*, *supra*; *Cheever* v. *Wilson*, 9 Wall. 108; *O'Dea* v. *O'Dea*, *supra*.)  But notwithstanding the ineffectual proceeding to acquire jurisdiction of the defendant by the service of notice in this state, it was nevertheless competent for the defendant by a general appearance in the action or other equivalent act, to submit to the jurisdiction of the Texas court and thereby bind himself by the judgment pronounced.  Jurisdiction of the person may be acquired by consent, although not of subject matter, and it is well settled that a general appearance of a defendant in an action is equivalent to personal service of process.  It is claimed that the defendant by appearing in the Texas court, and putting in an answer, and proceeding to trial on the merits, and subsequently appealing from the judgment, waived the defective service of process and gave jurisdiction of his person, notwithstanding his appearance in the first instance was for the special purpose of objecting to the jurisdiction and the subsequent proceedings on his part were accompanied with a protest against the jurisdiction.  In *Avery* v. *Slack* (17 Wend. 85.), it was held that a party who appeared and objected to the validity of process, did not waive the objection by answering and going to trial on the merits after his objection had been overruled.  The principle has been applied in a great variety of cases and there is substantial uniformity in the decisions to the effect that a party not properly served with process, so as to give the court jurisdiction of his person, does not waive the objection or confer jurisdiction by answering over and going to trial on the merits after he has ineffectually objected to the jurisdiction and his objection has been overruled.  (*Harkness* v. *Hyde*, 98 U. S. 476; *Steamship Co.* v. *Tugman*, 106 id. 118; *Warren* v. *Crane*, 50 Mich. 301; *Dewey* v. *Greene*, 4 Den. 94; *Walling* v. *Beers*, 120 Mass. 548.)

It is contended, however, that the error in overruling the objection to the jurisdiction where the party subsequently

answers over and proceeds to trial on the merits, can only be corrected by a direct proceeding on error or appeal, and that the judgment, when the party has appeared and gone to trial on the merits, cannot be assailed collaterally for want of jurisdiction. Most of the cases which declare the doctrine that an answer and trial on the merits does not preclude a party who has objected to the jurisdiction, from subsequently insisting that the court had no jurisdiction of the person, were cases on appeal or error. The principle upon which the doctrine proceeds is that a party who has objected to the jurisdiction and whose objection has been overruled, is not bound, as was said by HARLAN, J., in *Steamship Company* v. *Tugman (supra)*, "to desert the case and leave the opposite party take judgment by default." It is difficult to see why a party proceeding under such circumstances should be permitted to raise the question on error and not be permitted to assail the judgment collaterally in another state where the judgment is set up as a binding adjudication. The court does not acquire jurisdiction over the person by deciding that it has jurisdiction. If the acts of the defendant do not constitute a legal waiver of the objection, or a submission to the jurisdiction so as to preclude raising the question on error in the state where the judgment is rendered, how can the same acts preclude the party from raising the question in another state in answer to the judgment.

But passing this question we think the judgment of the Texas court became, and is a binding adjudication on the defendant therein, for the reason that the defendant, by going to Texas and filing an answer in the action, became bound by the statute law of the state prescribing the effect of that proceeding, and that by the Texas law the filing of an answer by a defendant is an appearance and submission to the jurisdiction. The statutes of Texas (Art. 1234) authorize a non-resident defendant to be brought in by service of notice out of the state, and when so served he is required to appear and answer in the same manner as if he had been personally served with a citation within the state. By article 1242 "the filing of an

answer shall constitute an appearance of the defendant so as to dispense with the answer and service of the citation upon him." It is clear that a state cannot, by a statute, give jurisdiction to its courts over a citizen of another state not served with process within the jurisdiction, and who does not appear in the action, at least a judgment rendered pursuant to such a statute, upon substituted service, would be void in every other jurisdiction. But, as was said by PARKER, Ch. J., in *Bissell v. Briggs* (9 Mass. 464), a citizen of a state going into another state owes a temporary allegiance to that state, and is bound by its laws and is amenable to its courts. The defendant in the Texas action was not bound to appear. He could stand aloof, and so long as he did so could not be affected by the proceeding. But he chose to avail himself of the right given by the laws of Texas to file an answer and contest the claim of the plaintiff. He went within the jurisdiction, and was represented by attorneys there. He voluntarily filed his answer after first seeking to dismiss the case for want of jurisdiction over his person. The effect of this proceeding was declared by statute to be equivalent to an appearance in the action and to dispense with the service of a citation. The defendant was bound by the consequences which the statute affixes to that proceeding. He cannot invoke the general rule that an answer on the merits does not waive an objection to jurisdiction because the statute in this case had intervened, and of this statute the defendant had notice.

We have reached the conclusion, for the reasons stated, that the Texas judgment is a valid and binding adjudication. There is no reason to regret this result. The present plaintiff had a full opportunity to be heard and to present his defense in that proceeding, and availed himself of it. He appealed from the judgment, which was affirmed by the highest jurisdiction of the state. The litigation was, we think, conclusively ended by the final decree.

The judgment should be affirmed.

All concur.

Judgment affirmed.