HOLCOMB v. KELLY et al.

(Supreme Court, Equity Term, Monroe County.   July 18, 1907.)

1. APPEARANCE (§ 9*)—SPECIAL APPEARANCE—OBJECTIONS TO JURISDICTION.

A defendant may appear specially to deny the court's jurisdiction over him, and, by doing so, does not lose the right to contest the court's jurisdiction.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 43; Dec. Dig. § 9.*]

2. JUDGMENT (§ 818*)—FOREIGN JUDGMENTS—JUDGMENTS OF STATE COURTS—WANT OF JURISDICTION—IMPEACHMENT.

A judgment of a court of another state may be impeached for want of jurisdiction over the person or subject-matter, when drawn into question in the courts of this state.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1458; Dec. Dig. § 818.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. Process (§ 83*)—Service—Personal Service—Service Without State.
    Process of the tribunals of one state will not run into another state to summon parties there domiciled to answer proceedings against them in the state of the forum.
    [Ed. Note.—For other cases, see Process, Dec. Dig. § 83.*]

4. Judgment (§ 17*)—Default Judgment—Process to Sustain—Service by Publication—Service on Nonresidents.
    A nonresident cannot be summoned by service by publication in the state of the forum so as to impose a personal liability upon him.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 28; ·Dec. Dig. § 17.*]

5. Process (§ 48*)—Actions In Rem—Personal Service—Necessity.
    Personal service is only necessary in actions in personam, and where the action is in rem, and the court has jurisdiction over the res, service to obtain jurisdiction of the person of the owner of the res is unnecessary. .
    [Ed. Note.—For other cases, see Process, Cent. Dig. § 46; Dec. Dig. § 48.*]

6. Actions (§ 16*)—Nature—Actions in Rem and in Personam Distinguished—Actions in Personam.
    An action in personam is one against a specified person, while an action in rem is one to establish the status or condition of a thing without respect to any person, and in its strict sense is applied to proceedings directly against property, but is also applied to actions between parties, the direct object of which is to affect property in which they have an interest.
    [Ed. Note.—For other cases, see Actions, Cent. Dig. § 91; Dec. Dig. § 16.*
    For other definitions, see Words and Phrases, vol. 4, pp. 3479, 3481–3483; vol. 8, p. 7684.]

7. Trusts (§ 167*)—Actions Against Trustee—Process—Necessity of Personal Service.
    An action against a trustee personally to divest him of title in the trust property is an action in personam, and not in rem, so that personal service upon him is necessary to support the judgment.          ·
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 219; Dec. Dig. § 167.*]

Action by Roland Holcomb, as trustee of Grace Kirwin, against Bernard F. Kelly and another. Judgment for defendants.

Bassett, Thompson & Gilpatric, for plaintiff.
McGuire & Wood, for defendants.

BENTON, J.   Plaintiff sues in this action for an accounting by the defendant Bernard F. Kelly of all the property which came into his hands under a written instrument creating a trust executed by himself and by Mary Ann Snow.   The defendant Kelly was at all times mentioned in this action a resident of the state of New York. He removed the trust fund from Massachusetts to New York.   He was appointed executor of the will of Mary。Ann Snow, and, in an action in Massachusetts to determine his title to certain property affected by the trust as between the will and the trust agreement, it was determined· and adjudged that the defendant Kelly had title to the trust property, and holds it under the trust assignment and not as

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

executor. Kelley v. Snow, 185 Mass. 288, 70 N. E. 89. This was an agreement or contract inter partes by which the title to the trust property was transferred to Kelly as trustee. It was not testamentary in its nature, but a present conveyance of property, although certain rights were reserved by Mary Ann Snow; the legal title passed to her trustee.

About March, 1905, Grace Kirwin, a cestui que trust named in said agreement or contract, filed a petition in the Supreme Judicial Court of the state of Massachusetts asking that Kelly be removed as such trustee. It is stated in the petition that Kelly resides in the state of New York, and that the trustee was at that time in the state of New York. There was no personal service of process in the state of Massachusetts, nor was there any attachment against the property of Kelly or against any trust property levied or attempted. Kelly appeared specially in that proceeding for the purpose of challenging the jurisdiction of the court over his person, because no sufficient service (process) was made upon him in that action, and therefore he should not be held to answer plaintiff's writ, because the court had no jurisdiction over him. A demurrer to this plea was entered and filed, and the plea was adjudged bad, and the demurrer sustained. There was no general appearance, and no answer upon the merits was made by Kelly. It was Kelly's right "to appear specially for the purpose of raising the question of jurisdiction." Reed v. Chilson, 142 N. Y. 152, 36 N. E. 884. And if he gained nothing by so doing, he cannot be held to have lost his right to consistently insist upon lack of jurisdiction in the Massachusetts court over him, unless we hold that, because a person insists that the court has not jurisdiction over him and files a special plea to that effect, he thereby is entrapped into conferring that jurisdiction which he insists does not exist, and which, in fact, did not exist.

The judgment of another state may be impeached for want of jurisdiction over the person or subject-matter when it comes into question in our courts. "It is an elementary principle that no court can lawfully adjudge rights of persons or property in the absence of jurisdiction, and it is firmly settled that the judgment of a court of another state is binding only so far as the court rendering it had jurisdiction. It is not protected under the laws and Constitution of the United States for want of jurisdiction. If rendered without jurisdiction, it is not a judgment, but a mere arbitrary prescription without force as a judicial proceeding in another forum." Jones v. Jones, 108 N. Y. 415, 424–425, 15 N. E. 707, 708, 2 Am. St. Rep. 447. "Where a personal judgment has been rendered in the courts of a state against a nonresident merely by constructive service, and, therefore, without jurisdiction over the person of the defendant, such judgment may not be enforced in another state, in virtue of the full faith and credit clause of the Constitution. Indeed, a personal judgment so rendered is by reason of the due process clause of the fourteenth amendment void as against the nonresident, even in the state where rendered, and therefore such nonresident, in virtue of the rights granted by the Constitution of the United States, may successfully resist even in the

state where rendered the enforcement of such a judgment." Haddock v. Haddock, 201 U. S. 562, 567, 26 Sup. Ct. 525, 526, 50 L. Ed. 867.

Notice of the action in Massachusetts was served upon Kelly in the county of Monroe, state of New York, but "process from the tribunals of one state cannot run into another state and summon parties there domiciled to leave its territory to answer to proceedings against them." Publication of process or notice within the state where the tribunal sits cannot create any greater obligation upon the nonresident to appear. Process sent to him out of the state and process published within it are equally unavailing in proceedings to establish his personal liability. Pennoyer v. Neff, 94 U. S. 714, 727, 24 L. Ed. 565. This principle, however, controls only as to judgments in personam, and does not relate to proceedings in rem—that is to say, "In consequence of the authority which the government possesses over things within its borders, there is jurisdiction in the court of a state by a proceeding in rem, after the giving of reasonable opportunity to the owner to defend, to affect things within the jurisdiction of the court, even though jurisdiction is not directly acquired over the person of the owner of the things." Haddock v. Haddock, supra. But the property was not within the state of Massachusetts. The thing was not within its borders, nor was the person of the trustee. I do not believe the res can be said to be the status of the trustee which existed under the trusteeship, created by Mrs. Snow between Kelly and Grace Kirwin.

The question of res is much discussed in divorce actions, and in Jones v. Jones, speaking of jurisdiction, the court says:

"The contract of marriage cannot be annulled by judicial sanction any more than any other contract inter partes without jurisdiction of the person of the defendant. The marriage relation is not a res within the state of the person invoking the jurisdiction of the court to dissolve it, so as to authorize the court to bind the absent party, a citizen of another jurisdiction, by substituted service or actual notice or proceedings, given without the jurisdiction of the court where the proceeding is pending." Jones v. Jones, supra.

An act in personam is one directed or done against a specific person, while an act in rem is one done without reference to any specific person, but against, or with reference to, a specific thing, and so against whom it might concern or against "the whole world." Cyc. vol. 22, p. 1102, note.

A proceeding in rem is one to determine the state or condition of the thing itself. In a strict sense, it is a term applied to a proceeding taken directly against the property, having for its object the disposition of property without reference to the title of the individual claimants; but in a true and more general sense a term applied to actions between parties where the direct object is to reach and dispose of property owned by them or of some interest therein. Cyc. "The object and purpose is to ascertain the right of every possible claimant, and it is instituted on an allegation that the title of the former owner, whoever he may be, has become divested, and notice of the proceeding is given to the whole world to appear and make claim for it." Woodruff v. Taylor, 20 Vt. 75, 76.

This was an action brought personally against the defendant Kelly to divest him of his title as trustee to this property. It was against him, and not against the property—to remove him from his position as trustee—and, in my judgment, it was an action in personam.

If this view is correct the judgment of removal against him is a nullity, hence, no successor could be appointed, and the plaintiff, Roland Holcomb, has no standing as such successor in this court Obviously, then, if the Supreme Judicial Court of the state of Massachusetts was without jurisdiction over Kelly to remove him and appoint his successor, it was without jurisdiction to appoint upon the death of the plaintiff a successor to him.