RANSOM v. RANSOM. (Supreme Court, Appellate Division, First Department. April 10, 1908.) Appeal from Special Term. Action by Porte V. Ransom against Eva B. H. Ransom for a divorce. From a final judgment (104 N. Y. Supp. 198) for plaintiff, defendant appeals. Affirmed. George F. Canfield, for appellant. George P. Breckenridge, for respondent.

PER CURIAM. Judgment affirmed, with costs.

LAUGHLIN, J. (concurring). I am constrained by the authority of precedents, neither distinguishable upon principle nor upon the material facts, to concur in the affirmance of the judgment. Originally the theory upon which the courts of this state refused to recognize a decree of divorce granted in another state or territory against a resident of this state, who was not served personally within the jurisdiction of the court and did not appear in the action, was upon grounds of public policy, owing to the fact that in other states and in the territories divorces were authorized upon grounds not recognized by our public policy as sufficient to justify such a decree. People v. Baker, 76 N. Y. 78, 32 Am. Rep. 274; Matter of Morrison, 52 Hun, 102, 5 N. Y. Supp. 90, affirmed 117 N. Y. 638, 22 N. E. 1130, and cases cited. The rule, however, has been extended, and it must now be regarded as the settled law of this state that, even though the foreign divorce was obtained upon the ground upon which a divorce may be obtained in this state, the decree against a resident of this state will not be recognized here, unless the defendant was served personally within the jurisdiction of the court or duly appeared in the action. McGown v. McGown, 19 App. Div. 368, 46 N. Y. Supp. 285; affirmed on opinion below, 164 N. Y. 558, 58 N. E. 1089. The late federal decisions, although disapproving of the doctrine that the courts of one state may upon grounds of public policy decline to give full faith and credit to judgments recovered in another state or territory, sustain these decisions of our court upon the ground that the foreign state or territory did not obtain jurisdiction over the nonresident by substituted service. Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867. This rule, however, must, by the controlling authority of the federal decisions, be limited to cases where the matrimonial domicile was not in the foreign state or territory; for, if the matrimonial domicile be in the state or territory where the action is brought, the court there may acquire jurisdiction over a nonresident defendant by substituted service, and its decree must be accepted in every other state and territory. Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794. This unfortunate state of the law relating to divorces, by which a divorce is regarded as valid in one state and void in another, with all the deplorable consequences which shock the sensibilities of decent men and women and bring untold disgrace and misery on their innocent offspring, may, I think, be ameliorated to some extent by the legislative and

judicial departments of the respective state governments without an amendment to the federal Constitution, which is the only complete remedy for this crying evil, and without abandoning their respective public policies, to which they apparently jealously adhere. It is high time that a movement was initiated in the Legislatures or by the trial courts by which divorces shall not be granted, excepting in those cases where the court can obtain such jurisdiction over the defendant that it must be recognized by every other state and territory in the land. It may be competent for the courts to refuse to grant divorces against nonresidents where the matrimonial domicile was not in our state, on substituted service, which, if granted, would be valid and binding in this state, owing to the existing legislative authority, even though it would not be recognized by the courts of other states and territories; but, since the authority or propriety of the courts refusing to thus exercise its jurisdiction may be doubted, it would seem that the Legislature of our own state, at least, should revise the laws with respect to granting divorces and confine the authority of the courts to cases where jurisdiction can be obtained which will insure the validity of the divorce, not only in the state where granted, but in every other state and territory. This could be done by providing that a divorce against a nonresident of the state shall not be granted on substituted service, excepting where it is shown that the matrimonial domicile of the parties was within the state. The practice now prevailing, and authorized by statute, of granting divorces against nonresidents on substituted service, where the matrimonial domicile was not within the state, and of our courts refusing to recognize, as in the case at bar, similar divorces granted upon the same ground upon which a divorce may be obtained here, cannot be defended and should be discontinued. It seems to me too clear for argument that we should not grant a divorce where, on like facts with respect to residence, misconduct, and service, we would refuse to recognize a decree of a court of a sister state or of one of the territories.

HOUGHTON, J., dissents.