PARKER v. KELLEY et al.

(Circuit Court, W. D. New York. July 9, 1908.)‡

No. 326.

1. TRUSTS (§ 167*)—TRUSTEES—REMOVAL—NOTICE—SERVICE.

Under the Massachusetts statute (Rev. Laws 1902, c. 147, § 11), providing that a trustee under a written instrument may be removed after notice to him and to all persons interested, and an opportunity afforded him to be heard and show cause why his removal should not be made,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

‡ Received for publication Feb. 9, 1909.

jurisdiction is dependent on service of such reasonable notice as in the judgment of the court is appropriate to the case in the same manner as in an action.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 219; Dec. Dig. § 167.*]

**2.** Trusts (§ 167*)—Trustees—Removal—Charges—Notice.

In a proceeding to remove a trustee under a Massachusetts statute (Rev. Laws 1902, c. 147, § 11), providing for removal of a trustee appointed by a written instrument on notice, etc., the trustee is entitled to notice of the particular charge or complaint made against him.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 219; Dec. Dig. § 167.*]

**3.** Trusts (§ 165*)—Trustees—Removal—Jurisdiction—Service of Process.

The Massachusetts statute (Rev. Laws 1902, c. 147, § 11) authorizes the removal of a trustee appointed under a written instrument after notice to him and to all persons interested and an opportunity to be heard and to show cause why his removal should not be made. *Held* to contemplate a removal in a case where the property is within the court's jurisdiction at the time of the removal proceedings, where the parties affected have been personally served with notice or original process within the state, or where the parties have submitted themselves to the court's jurisdiction.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 216; Dec. Dig. § 165.*]

**4.** Judgment (§ 818*)—Foreign Judgments—Full Faith and Credit.

Where proceedings to remove a trustee in the state courts of Massachusetts were instituted at a time when the trust fund was not within the court's jurisdiction, and there was neither service on defendant within the state nor a general appearance by him, the full faith and credit clause of a federal Constitution did not require a federal court sitting in another state in a suit to compel the original trustee to account from inquiring into the jurisdiction of the Massachusetts court to render judgment of removal.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1468; Dec. Dig. § 818.*]

**5.** Trusts (§ 167*)—Trustees—Removal—Nature of Proceeding.

A statutory proceeding to remove a trustee appointed under a written instrument is a proceeding in personam, and not in rem.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 219; Dec. Dig. § 167.*]

Bassett, Thompson & Gilpatric and J. Merrill Browne & Son, for complainant.

McGuire & Wood, for defendant Kelley.

HAZEL, District Judge. This action was brought by the complainant as trustee for Grace Kerwin to compel the defendant Bernard F. Kelley, trustee under a written deed of trust of Mary Ann Snow, to render an account of his trusteeship, and to pay to complainant the fund, amounting to $7,064. The complainant and the cestui que trust are citizens of the state of Massachusetts, where the trust deed was also made. The defendant Kelley is a citizen and resident of the state of New York. The entire trust fund and property at the time the proceeding to remove the trustee was instituted was and now is in the defendant's possession in this state. The record shows that by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a decree of the Supreme Judicial Court of the commonwealth of Massachusetts the defendant was removed as such trustee, and the complainant was appointed in his place. For this reason, it is contended that the trust fund or property in possession of the defendant should now be surrendered to the complainant. In answer the defendant denies the legality of the complainant's appointment as trustee, and urges that the judgment roll upon which this action is based shows that the notice of filing of the petition of Grace Kerwin for his removal was not served upon him in the state of Massachusetts or within the territorial limits of the court, and that he appeared specially in such proceeding, denying the jurisdiction of the court on the ground that sufficient service of notice or original process had not been made upon him. This objection, however, was overruled by the state court, and later, without the defendant having answered upon the merits or submitted himself to the jurisdiction of the court, a decree pro confesso was entered. Complainant contends that this action is analogous to one brought to "dissolve a relationship to which were attached certain rights in specific property in which the plaintiff had an interest"; that, though the property after the appointment of the defendant as trustee was removed to the state of New York with the consent of the grantor, yet as the trust deed was executed in the state of Massachusetts, and the trust funds were within such state at the time of its execution, the action to remove the trustee was in rem, and the court retained jurisdiction of the trust property and service upon the defendant without the territorial limits of the court of notice as provided by the state statute was sufficient. This contention is not maintainable.

The statute of the state of Massachusetts (Rev. Laws 1902, c. 147, § 11) provides that a trustee under a written instrument may be removed after notice to him and to all persons interested, and an opportunity to be heard and show cause why his removal should not be made. It does not specify the number of days' notice which shall be given before the hearing nor the manner in which service shall be effected. Presumably the legislative power intended such reasonable notice to the parties affected as in the judgment of the court is appropriate to the case. Unquestionably the jurisdiction was dependent upon service of notice as in an action. The action was in the nature of a special proceeding, which was initiated by service of the statutory notice. Such proceeding in my judgment affected personal rights, and hence the defendant was entitled to notice of the particular charge or complaint made against him. Obviously he was entitled to his day in court, and his duties under the trust deed or contract in view of the fact that the fund was in another state were not merely administrative. The language of the statute contemplates the removal of a trustee in a matter relating to the administration of property where such property is within the jurisdiction of the court at the time of the removal proceeding, or where the parties affected have been personally served with notice or original process within the state where the judgment can be enforced, or where they have submitted themselves to the jurisdiction of the court. A different construction of the statute would

be wholly at variance with the jurisdiction of the courts of the state where the parties to the action or proceeding involving the requisite amount are citizens of different states. Pennoyer v. Neff, 95 U. S. 734, 24 L. Ed. 565. The general rule where the court has not jurisdiction of the subject-matter of the action is that, before a state court or a Circuit Court of the United States can acquire jurisdiction over the person of one not found in the state or district, there must be a voluntary appearance of the defendant. If the judgment had been in obedience of a statute to enforce a claim against a fund located within the limits of the jurisdiction of the court, the personal service outside the state pursuant to an order of the court would doubtless have been sufficient. Rev. St. U. S. § 738. But, as already stated, the fund was not within the jurisdiction of the court. There having been no general appearance by the defendant, the full faith and credit clause of the Constitution does not prevent this court from inquiring into the jurisdiction of the court which rendered the judgment in evidence.

The question of service upon a nonresident as a result of which judgment was obtained in a state court and the weight which should be given to the decree was fully discussed in Pennoyer v. Neff, supra. The Supreme Court says:

"Be that as it may, the courts of the United States are not required to give effect to judgments of this character when any right is claimed under them. Whilst they are not foreign tribunals in their relations to the state courts, they are tribunals of a different sovereignty, exercising a distinct and independent jurisdiction, and are bound to give to the judgments of the state courts only the same faith and credit which the courts of another state are bound to give to them."

In view of the removal of the trust funds and property in question from the state of Massachusetts to the state of New York, this case does not come within any exception by which there may be a valid determination of the proceeding without service of process upon the defendant in the state where the action was begun or without his voluntary submission to the jurisdiction of the court. The proceeding was not in rem, nor was the res the status of the existing relationship between the parties. It was a proceeding in personam against the individual trustee to remove him on account of his unfitness or personal misconduct, and in such an action constructive service of original process upon a nonresident is insufficient.

I think the opinion of Benton, J., in Holcomb v. Kelly (officially unreported) 114 N. Y. Supp. 1048, an action brought by a prior trustee for the removal of Kelley, to which my attention has been directed, was correct and properly states the law. The case of Galpin v. Page, 85 U. S. 350, 21 L. Ed. 959, to which Judge Benton's attention was not called, does not alter the conclusions herein reached. In that case it was held that a court of general jurisdiction is presumed to have jurisdiction of the subject-matter of the action as well as of the parties; but it must appear by the record whether the parties are properly before the court, and this depends upon the service of the process or the defendant's voluntary appearance in an action. In short, if the court has jurisdiction of the subject-matter, its jurisdiction of the parties

will be presumed, but in the case at bar, as already stated, the court had neither jurisdiction of the person or of the subject-matter.

A decree may be entered dismissing the bill with costs payable out of the fund in the possession of the defendant.