FREDERICK P. GILSON, Appellant, v. LEONORA L. AIRY, also Known as LOTTIE GILSON, Respondent.

First Department, February 21, 1918.

**Husband and wife — divorce — validity in this State of foreign decree of divorce — annulment of marriage.**

A decree of divorce granted by a Missouri court to the husband against the wife who was a resident of this State, will not be recognized as valid by our courts, where the first and only matrimonial domicile was in this State where the parties both resided at the time of their marriage, and the defendant did not subject herself to the jurisdiction of the Missouri court by appearing or answering in the action.

Hence, such a decree of divorce is no defense in an action to secure the annulment of a second marriage contracted by the defendant therein upon the ground that she had a former husband still living.

APPEAL by the plaintiff, Frederick P. Gilson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 15th day of December, 1917, dismissing the complaint on the merits upon the decision of the court after a trial at the New York Special Term.

*Paul M. Crandell,* for the appellant.

*Harry Saks Hechheimer,* for the respondent.

DOWLING, J.:

Plaintiff commenced this action to secure the annulment of his marriage to the defendant, upon the ground that at the time of entering into said marriage the defendant had a former husband still living.

The record shows that defendant was married to Orin W. Airy at Ossining, in the State of New York, on July 10, 1909. Defendant then resided at 751 Putnam avenue in the borough of Brooklyn, city of New York, and had resided there for several years. Defendant's recollection is, that Airy was then residing with an aunt of his in New York, but at what address she was unable to tell. After the marriage, Airy and defendant lived together for some three weeks, as husband and wife, at a boarding house in Caton avenue, borough of Brooklyn, city of New York. Then he was called to Maryville, Mo., by a telegram stating that his mother was very ill, and his wife refused to go with him. The parties never lived together thereafter, nor did they ever meet again, after their separation about August 1, 1909. In July, 1910, Airy commenced an action in the Circuit Court of Jackson county, State of Missouri, to obtain a decree of divorce upon the ground of desertion. In his petition Airy set forth that for more than a year preceding the filing thereof he had been a resident of the State of Missouri. He averred that his wife deserted him on July 20, 1909, and by affidavit set forth that she was a non-resident of the State of Missouri, whereupon he obtained an order for her service without the State as prescribed by

chapter 21, article IV, Revised Statutes of Missouri. (R. S. Mo. 1909, chap. 21, art. 4, § 1770 *et seq.*, vol. 1, pp. 625–629.) By virtue thereof, service of the petition and summons in said action was made on defendant herein, personally, on February 10, 1911, at her home 751 Putnam avenue, in the borough of Brooklyn, city of New York. Defendant did not appear or answer in the Missouri action, and thereupon Airy obtained a decree of absolute divorce from defendant, granted by said Circuit Court of Jackson county, State of Missouri, on April 7, 1911. On July 10, 1911, defendant was married to the plaintiff herein in the borough of Manhattan, city of New York, whereof defendant was then a resident. Plaintiff then resided at Jersey City, in the State of New Jersey. Plaintiff and defendant lived together as husband and wife until March 30, 1917, when the latter left the former's home. This action was commenced June 30, 1917. All the foregoing facts are proven without contradiction. It thus appears that when defendant married Airy both resided in the State of New York. Their first and only matrimonial domicile was the State of New York. When Airy went to Missouri defendant remained in the State of New York, and she has never lived in the State of Missouri, nor even been within that State. The Missouri court which granted the decree of divorce to Airy never obtained jurisdiction of this defendant, for Missouri had never been the matrimonial domicile of Airy and defendant, nor the domicile at any time of defendant (both of which domiciles were within this State), nor had service been made in that State, nor had defendant (still a resident of this State) subjected herself voluntarily to its jurisdiction by appearing or answering in the action. It follows that the decree of divorce in favor of Airy will not be recognized as valid by the courts of this State. (*Haddock* v. *Haddock*, 201 U. S. 562; *O'Dea* v. *O'Dea*, 101 N. Y. 23; *Olmsted* v. *Olmsted*, 190 id. 458; *Williams* v. *Williams*, 130 id. 193; *Atherton* v. *Atherton*, 155 id. 129; 181 U. S. 155; *Ransom* v. *Ransom*, 54 Misc. Rep. 410; affd., 125 App. Div. 915; *Berney* v. *Adriance*, 157 id. 628.) Therefore, when defendant contracted her marriage with plaintiff, she still had a former husband (Airy) living from whom she was never legally divorced and plaintiff is entitled to the judgment which he seeks, declaring the marriage between him

and defendant void and annulling the same. (Code Civ. Proc. § 1743; Dom. Rel. Law [Consol. Laws, chap. 14; Laws of 1909, chap. 19], § 6.)*

The judgment appealed from will be reversed, with costs to appellant, and judgment directed in favor of plaintiff accordingly. The following findings of fact are hereby reversed: " 3 " (in so far as it finds that plaintiff and defendant resided and cohabited together in said city of New York as husband and wife); " 5," " 6," " 7" and " 8." Also the conclusions of law are reversed numbered " 1," " 2 " and " 3." The following findings of fact proposed by plaintiff are found: " 3," " 4," " 5," " 11 " (in so far as trial judge refused to find same), " 12 " and " 14;" also the proposed conclusions of law numbered " 1," " 2 " and " 3."

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Judgment reversed, with costs, and judgment ordered for plaintiff as stated in opinion. Order to be settled on notice.

---

* Since amd. by Laws of 1915, chap. 266.— [REP.