KATHLEEN ANNA MABSON, Plaintiff, v. HENDON N. MABSON, Defendant.

Supreme Court, New York County, August 16, 1927.

Husband and wife — separation — application for temporary alimony and counsel fees — residence of defendant in New York is shown — defense of foreign divorce not sustained in absence of showing of personal service — abandonment admitted by defendant — alimony fixed but counsel fee denied.

This is an application for temporary alimony and counsel fees in an action for separation based on abandonment. The defense that the domicile of the parties is not in this State is refuted by a showing that the parties maintained a furnished apartment in New York city and resided therein when they were not traveling.

The defense of a foreign judgment of divorce granted to the defendant in Florida is insufficient since it does not appear that it was granted upon personal service.

Since the abandonment of the plaintiff by the defendant is undisputed and the only real defense is the plaintiff's alleged misconduct, the plaintiff is entitled to temporary alimony which is fixed at $200 per week.

The plaintiff having paid her attorney a retainer fee of $5,000, the application for counsel fee is denied without prejudice.

APPLICATION by plaintiff for alimony and counsel fees in an action for separation.

*Max D. Steuer* [*Harold H. Corbin* of counsel], for the plaintiff.

*Alva Collins*, for the defendant.

FRANKENTHALER, J. This is an action for separation on the ground of abandonment. The defendant denies the allegation of residence in the State of New York and sets up a judgment of divorce obtained in Florida against the plaintiff herein on the ground of adultery. As further defense in justification defendant pleads the adultery on which the Florida divorce was obtained and other adulteries.

On the issue as to the matrimonial domicile of the parties, the maintenance of the furnished apartment in New York city and residence therein and cohabitation therein over a period of time

interspersed with travels, sufficiently support plaintiff's contention upon this motion. As the defense of the foreign judgment of divorce must, before it can defeat this action, be predicated upon personal service or, matrimonial domicile of the parties (*Jones* v. *Jones*, 108 N. Y. 415; *Ransom* v. *Ransom*, 54 Misc. 410; affd., 125 App. Div. 915), and as there was no personal service upon this plaintiff in the Florida action, this court is upon the present application left with the situation of an action for separation on the ground of abandonment and a defense of justification by reason of plaintiff's alleged misconduct.

That there was an abandonment with intent not to return is undisputed and the papers present issues on the remaining questions raised. Pending the trial thereof reasonable alimony should be allowed. In view of the standard of living of the parties and the substantial nature of defendant's income, evidenced additionally by his admission that last year he paid an income tax of from $6,000 to $7,000, plaintiff is awarded the sum of $200 per week alimony, commencing from June 24, 1927, the return date of the original motion for alimony. Plaintiff having paid a $5,000 retainer to her attorney, application for counsel fee will be denied at this time; but as the preparation for trial to meet the defenses pleaded may hereafter involve extended services and substantial expense, this denial is without prejudice to a renewal. Settle order on notice.