HENRY MARTIN RICHARDS, Plaintiff, *v.* HELEN KATHRYN RICHARDS, Defendant.

Supreme Court, Chautauqua County, July 24, 1928.

**Husband and wife — annulment of marriage — action based on ground that prior divorce obtained by defendant in Ohio was void and that plaintiff's marriage is, therefore, void under Domestic Relations Law, § 6 — defendant abandoned her first husband without cause — first husband went to Ohio and obtained domicile there — matrimonial domicile of first marriage was then in Ohio — Ohio courts had jurisdiction by service on defendant herein by publication — Ohio divorce is valid.**

Plaintiff seeks to have his marriage with the defendant annulled on the ground that at the time thereof she had a husband living and that the present marriage is, therefore, void under section 6 of the Domestic Relations Law. The defendant was divorced by her former husband by a decree granted by the courts of Ohio. That decree is valid and will be recognized here, since it appears that the defendant abandoned her first husband without cause and that thereafter he went to Ohio and obtained a domicile in that State, and having obtained a

domicile there he instituted a divorce action in which the defendant herein was served by publication.

The matrimonial domicile of the defendant and her first husband were, by the act of the first husband, changed to Ohio and that domicile was in Ohio when her first husband commenced the divorce action in that State, and, therefore, the courts of that State had jurisdiction of the matrimonial status and the judgment of that State rendered upon service by publication is valid and will be recognized in this State.

Accordingly, the plaintiff cannot succeed in this action for annulment.

ACTION for annulment of marriage.

*Grant E. Neil,* for the plaintiff.

*Jackson, Herrick, Durkin & Leet,* for the defendant.

HINKLEY, J. This is an action brought by a second husband for an annulment of his marriage with defendant, upon the ground that a prior divorce obtained in Ohio by defendant's first husband was void.

Defendant and one Niberg married in New York State. Defendant left the bed and board of her then husband without legal justification. That husband, Niberg, later secured employment, established a residence and obtained a decree of divorce from defendant in the State of Ohio by publication. Defendant was not personally served in that State nor did she in any manner appear in that action. Plaintiff and defendant thereafter married in New York State.

" A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living." (Dom. Rel. Law, § 6, as amd. by Laws of 1915, chap. 266, and Laws of 1922, chap. 279.)

The question here involved is whether the divorce obtained by the defendant's first husband, by publication in Ohio, without personal service upon her and without her personal appearance, should be given full faith and credit in this State. If the divorce of defendant and Niberg is not recognized in this State, then the defendant had a husband living at the time of her marriage to plaintiff, and that marriage is void.

The exact question here involved, apparently, has not yet reached our highest court, and, therefore, its determination by that court cannot even be forecast.

" We do not need to inquire what our conclusion would be if the issue of abandonment had been resolved in favor of the husband. * * * We do not even have to forecast the decision that would be made if they had been living separate by consent." (*Dean* v. *Dean,* 241 N. Y. 240, 243, 244; *Winston* v. *Winston,* 165 id. 553, 555.)

The courts of this State " are the final judges of the occasions

on which the exercise of comity will or will not make for justice or morality." (*Hubbard* v. *Hubbard*, 228 N. Y. 81; *Gould* v. *Gould*, 235 id. 14, 25.)

If the State of Ohio was the matrimonial domicile of the defendant and Niberg at the time of the commencement of the divorce proceedings in that State, full faith and credit must be given to the judgment of the Ohio court, even without personal appearance by defendant or personal service upon her within that State. (*Atherton* v. *Atherton*, 181 U. S. 155; *Haddock* v. *Haddock*, 201 id. 562, 570; *Hubbard* v. *Hubbard*, 228 N. Y. 81, 84.)

If the matrimonial domicile of the defendant and Niberg was the State of New York during the pendency of the Ohio action, then without personal service upon defendant in the foreign State or her personal appearance in the action, the divorce would not be recognized by the courts of this State. (*Ball* v. *Cross*, 231 N. Y. 329, 331; *Haddock* v. *Haddock*, 201 U. S. 562; *People* v. *Baker*, 76 N. Y. 78.)

The domicile of the husband remains the domicile of the wife except she acquire a separate domicile by such conduct on his part as justifies her in abandoning him. When the wife abandons her husband without cause, he may obtain a divorce in the State of his domicile under the laws of that State, which will be effective in every State. (*Atherton* v. *Atherton*, 181 U. S. 155, 164; *Hunt* v. *Hunt*, 72 N. Y. 217, 242; *Post* v. *Post*, 149 App. Div. 452, 456; affd., 210 N. Y. 607.)

The decisions of this State lead this court to the conclusion that full faith and credit must be given to the decree of the Ohio court divorcing the defendant from her first husband, Niberg. Here the defendant left her husband, Niberg, without cause, both for a time remaining in this, the State of their matrimonial domicile. Her husband, Niberg, later established a *bona fide* domicile in Ohio. " In that event [where the issue of abandonment was resolved in favor of the husband] the wife, * * * would have been under a duty to live with her husband wherever he offered her a home." (*Dean* v. *Dean*, 241 N. Y. 240, 244.)

The State of Ohio was, at the time of the commencement of the action in that State, the actual, legal, *bona fide* domicile of the defendant's husband, Niberg. The defendant having abandoned him without cause, he was not required to seek her out and invite her to his new home, in order to acquire a new domicile. The State of Ohio, therefore, became his permanent domicile as well as the constructive domicile of the defendant and, *ergo*, the matrimonial domicile of the defendant and her husband, Niberg. (*North* v. *North*, 47 Misc. 180; affd., 111 App. Div. 921; appeal dismissed,

192 N. Y. 563; *Gilson* v. *Airy*, 181 App. Div. 761; *Hood* v. *Hood*, 11 Allen, 196; *Burlen* v. *Shannon*, 115 Mass. 438.)

The marriage of defendant and Niberg was, therefore, legally dissolved by the judgment of a competent court of the State of Ohio, to which this court accords full faith and credit. The subsequent marriage of plaintiff to defendant was, therefore, valid.

Judgment may be entered dismissing plaintiff's complaint, with costs, and for judgment in favor of defendant against the plaintiff for separation, with an allowance of ten dollars per week alimony.